[No. 48262-4.   En Banc.   May 27, 1982.]

Pennsylvania Life Insurance Company, *Respondent,*
v. The Department of Employment Security,
*Appellant.*

Kenneth O. Eikenberry, Attorney General, and Matthew J. Coyle, Assistant, for appellant.

F. Douglas Tuffley, for respondent.

ROSELLINI, J.—The sole question presented on this appeal is whether the Superior Court erred in awarding attorney fees to an employer who successfully challenged a decision of the Commissioner of Employment Security, allowing benefits to an employee.

Pennsylvania Life Insurance Company sought review pursuant to the administrative procedure act of the commissioner's decision finding that one Dallas Thomas, an office manager of a branch office of the company, had been guilty of no misconduct and therefore was entitled to unemployment benefits. The Superior Court found that the commissioner had not attached proper significance to the circumstantial evidence of misconduct. It reversed the decision as "clearly erroneous". RCW 34.04.130(6)(e). The employee has not appealed.

Attorney fees were awarded the employer in the amount of $2,000 for legal services performed in the Superior Court, said sum to be paid out of the funds of the department. The commissioner has appealed that provision of the judgment.

Attorney fees may be recovered only when authorized by a private agreement of the parties, a statute, or a recognized ground of equity. *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 570 P.2d 428, 97 A.L.R.3d 482 (1977). There is no express statutory authority for the award of attorney fees to an employer. RCW 50.32.160 provides:

It shall be unlawful for any attorney engaged in any appeal to the courts *on behalf of an individual involving the individual's application for initial determination, or claim for waiting period credit, or claim for benefits* to charge or receive any fee therein in excess of a reasonable fee to be fixed by the superior court in respect to the

services performed in connection with the appeal taken thereto and to be fixed by the supreme court or the court of appeals in the event of an appeal thereto, and if the decision of the commissioner shall be reversed or modified, such fee and the costs shall be payable ¢ut of the unemployment compensation administration fund. In the allowance of fees the court shall give consideration to the provisions of this title in respect to fees pertaining to proceedings involving an individual's application for initial determination, claim for waiting period credit, or claim for benefits. In other respects the practice in civil cases shall apply.

(Italics ours.)

The respondent maintains that the last sentence of this provision authorizes the court to make an award of attorney fees to an employer under equitable doctrines, and specifically under the "common fund" doctrine.

■■ This court has said that where the Legislature provides for the allowance of attorney fees, it creates a substantive right and not a procedural remedy, and it attaches only as provided in the statute. *Seattle Aerie 1 v. Commissioner*, 23 Wn.2d 167, 160 P.2d 614 (1945). It was held in that case that the law then in effect (Laws of 1943, ch. 127) did not authorize the courts to allow payment of attorney fees incurred by an employer appealing a ruling of the commissioner denying its application for refund of unemployment taxes. The sentence relied upon by the respondent speaks of the "practice" in civil cases, RCW 50.32.160, and since that word is defined as "[t]he form or mode or proceeding in courts of justice for the enforcement of rights or the redress of wrongs, as distinguished from the substantive law which gives the right or denounces the wrong" (Black's Law Dictionary 1335 (1968)), and further, since the Legislature has expressly provided for fees in one case and not in the other, it would be a strained construction to read into this sentence an intention to authorize the courts to award attorney fees to employers as well as employees.

The evident intent of the last sentence of RCW 50.32.160

was to invoke the civil practice statutes (including RCW 4.84.080, providing for attorney fees as costs of the prevailing party) and the court rules which govern civil proceedings in superior court. There is no statute which, in the present circumstances, allows an attorney fee in excess of $100.

In *In re Jullin,* 23 Wn.2d 1, 158 P.2d 319, 160 P.2d 1023 (1945), this court held that the 1943 act (Laws of 1943, ch. 127, § 4, p. 299, at 303–05) authorized reimbursement for attorney fees of employers. However, that same year the Legislature amended the statute so as to allow such fees only to applicants for benefits, rather than to "any interested party" as the 1943 act had done. Laws of 1945, ch. 35, § 132, p. 145.

In *Ancheta v. Daly,* 77 Wn.2d 255, 461 P.2d 531 (1969), the contention was that upon a successful appeal to the superior court, pursuant to RCW 50.32.160, an applicant was entitled to be reimbursed for his attorney fees before the administrative tribunal, as well as before the court. While the statute provides for court supervision of fees in hearings at the administrative level, it does not provide for payment of those fees out of the department's funds. This court held, therefore, that only fees incurred on appeal to the courts were reimbursable.

In *In re Jullin, supra,* it was recognized that the right to unemployment compensation is founded upon statute, not upon the common law, and that the act is similar in nature and purpose to the workers' compensation act, under which this court has repeatedly held that the rights and remedies are purely statutory.

The history of attorney fees under the workers' compensation act has been similar to that under the unemployment compensation act.

*Boeing Aircraft Co. v. Department of Labor & Indus.,* 26 Wn.2d 51, 173 P.2d 164 (1946) involved an appeal from a departmental determination that the burden of payment of compensation for injuries and death resulting from an airplane crash should be borne by Boeing Aircraft Company

rather than shared with a meat packing company whose employees were among the victims. This court had held in an earlier appeal that the costs must be allocated between the two employers. Upon remand attorney fees had been awarded to Boeing Company and the department appealed. The law then in effect, Rem. Rev. Stat. § 7697 (Supp. 1943), provided for the payment of the fees of "any attorney engaged in any such appeal", if the accident fund was affected. This court noted that in *St. Paul & Tacoma Lumber Co. v. Department of Labor & Indus.*, 19 Wn.2d 639, 144 P.2d 250 (1943), it had held that where an appeal by an employer from a decision of the Department of Labor and Industries resulted in a reversal or modification of the decision, the court was authorized to award a reasonable attorney fee to the employer, payable out of the administrative fund. However, the court found no authority to make such an award in cases like the one before it, where the accident fund was not affected. This court concluded:

> Since we are unable to find statutory provision for the allowance of an attorney's fee to the successful litigant in a controversy between two employers whose respective employees were killed or injured simultaneously in one accident, we cannot arbitrarily make such an order.

*Boeing Aircraft Co.,* at 59.

After *Boeing Aircraft Co.* was decided, the Legislature amended the workers' compensation act, and Rem. Rev. Stat. § 7697 (Supp. 1943) was superseded by RCW 51.52.130, which makes no provision for the fixing or awarding of attorney fees to employers, but protects only the employee and his beneficiaries. *Harbor Plywood Corp. v. Department of Labor & Indus.,* 48 Wn.2d 553, 295 P.2d 310 (1956). So the Legislature has in the case of both the Industrial Insurance Act and the unemployment compensation act amended the provisions for attorney fees to make it clear that they shall be awarded only to claimants under the statutes.

*Harbor Plywood* was another case in which this court refused to order payment of attorney fees by the Depart-

ment of Labor and Industries, where no statute authorized such payment.

■ These authorities make it clear that in a statutory proceeding such as this, the court will allow only the attorney fees which are provided for in the statute. The respondent insists, however, that the court has equitable power to grant an employer attorney fees.[1] This is not an equitable proceeding. It is a proceeding to review an administrative determination, conducted under the provisions of the administrative procedure act (RCW 34.04), as required by RCW 50.32.120. Under RCW 34.04.130 the only authority of the court in granting relief is to affirm the decision of the agency, reverse it, or remand it for further proceedings. Unless a party can show that he is entitled to attorney fees under the law which gives the right of review (here, RCW 50.32), there is no authority in the court to award such fees pursuant to equitable or other doctrines.

Assuming there were such power, the respondent does not qualify for fees under any doctrine heretofore recognized. It has brought no fund before the court for its administration and distribution. *See Farmers' Loan & Trust Co. v. Green,* 79 Fed. 222 (5th Cir. 1897), quoted in *Drain v. Wilson,* 117 Wash. 34, 38, 200 P. 581 (1921). Nor is such a fund the subject of the litigation. *See Weiss v. Bruno,* 83 Wn.2d 911, 523 P.2d 915 (1974). It is simply

---

[1]Cases in which this court has approved the award of attorney fees upon equitable grounds include: *Baker v. Seattle–Tacoma Power Co.,* 61 Wash. 578, 112 P. 647 (1911); *Drain v. Wilson,* 117 Wash. 34, 200 P. 581 (1921); *Hein v. Forney,* 164 Wash. 309, 2 P.2d 741, 78 A.L.R. 631 (1931); *Monroe v. Winn,* 19 Wn.2d 462, 142 P.2d 1022 (1943); *Peoples Nat'l Bank v. Jarvis,* 58 Wn.2d 627, 364 P.2d 436 (1961); *Grein v. Cavano,* 61 Wn.2d 498, 379 P.2d 209 (1963); *Weiss v. Bruno,* 83 Wn.2d 911, 523 P.2d 915 (1974); *Hsu Ying Li v. Tang,* 87 Wn.2d 796, 557 P.2d 342 (1976).

Cases denying fees claimed on equitable grounds include *State ex rel. Macri v. Bremerton,* 8 Wn.2d 93, 111 P.2d 612 (1941); *PUD 1 v. Kottsick,* 86 Wn.2d 388, 545 P.2d 1 (1976); *Swift v. Island Cy.,* 87 Wn.2d 348, 552 P.2d 175 (1976); *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 570 P.2d 428, 97 A.L.R.3d 482 (1977).

In none of the cases relied upon by the respondent, and in none that this court has found, has a court awarded attorney fees on an administrative appeal, where there is no statutory authority.

before the court as a party entitled to obtain review of an administrative decision. The respondent has secured a reversal of that decision on the ground that it was clearly erroneous. It is in the same position as any other successful challenger of an administrative decision. If the respondent's success in this regard entitles it to attorney fees where none are provided by statute, simply because, as it contends, some money has been saved for the fund administered by the agency,[2] then there is no logical reason why every party whose challenge to an administrative decision results in denial of benefits to an applicant should not also be entitled to such fees—whether the decision was rendered by the Department of Employment Security, the Division of Industrial Insurance of the Department of Labor and Industries, or any other department administering a fund. This would be contrary to the expressed legislative intent and policy. The fund here was provided for by the Legislature, with specific direction as to how it was to be spent. The Legislature considered the question of attorney fees and determined that only successful appealing employees should recover costs. That decision must be honored by the courts.

Insofar as it awards attorney fees to the appellant, the judgment is reversed.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., concur.

---

[2] The briefs do not reveal the amount of benefits which would have been payable to the employee had her eligibility been sustained. However, there is a departmental affidavit in the record which shows that she was paid about $700 in the year 1978. If this is all that she would have been entitled to receive in any event, the allowance of $2,000 in attorney fees would cost the department more than twice the amount the appellant saved for it by challenging the allowance of benefits.