949 P.2d 810 (1998)
134 Wash.2d 328
In re ESTATE OF Mary Margaret KERR, Deceased.
Stacy R. BENNETT, Personal Representative, Petitioner,
v.
Susan RUEGG, Respondent.
No. 64881-6.
Supreme Court of Washington, En Banc.
Argued September 23, 1997.
Decided January 22, 1998.
*811 Stokes, Eitelbach & Lawrence, Scott Johnson, Laura Buckland, Seattle, for petitioner.
Paul Cantor, Ryan, Swanson & Cleveland, Robert Bryan, John Mele, Seattle, for respondent.
SMITH, Justice.
Petitioner Stacy R. Bennett, personal representative in a decedent estate, seeks review of a Court of Appeals per curiam decision which reversed a judgment of the King County Superior Court awarding attorneys' fees to the estate of Mary Margaret Kerr on behalf of Petitioner, personal representative of the estate, who successfully resisted her removal in a probate proceeding. We granted review. We reverse.

QUESTION PRESENTED
The question presented in this case is whether, under the general fee provision of the Probate Code, RCW 11.96.140,[1] courts may award discretionary attorneys' fees in removal proceedings or whether that provision is inapplicable because the specific section of RCW 11.68.070[2] relating to removal of a personal representative is the exclusive authority for award of attorneys' fees.

STATEMENT OF FACTS
On January 3, 1995, Mary Margaret Kerr died leaving a will.[3] It contained specific bequests to each of her five grandchildren, including Petitioner Stacy R. Bennett, and designated her daughter, Respondent Susan Ruegg, as residuary beneficiary.[4] Ms. Kerr named Petitioner, Stacy R. Bennett, her granddaughter who is also Respondent's *812 daughter, as personal representative[5] of her estate valued at about $24,000.[6] Upon admission of Ms. Kerr's will to probate in the King County Superior Court, the court issued letters testamentary appointing Petitioner Stacy R. Bennett as personal representative, as directed by the will, on January 6, 1995.[7]
Respondent Susan Ruegg and Petitioner Bennett are mother and daughter. They have been estranged since Petitioner's childhood. Intense animosity between them led to mutual accusations of dishonesty and misconduct in this proceeding brought by the mother to remove the daughter as personal representative of the estate of Respondent's mother who was Petitioner's maternal grandmother.[8] On March 30, 1995, Respondent filed a motion which included removal of Petitioner as personal representative, appointment of an independent personal representative, and a full accounting of estate assets.[9] On May 5, 1995, King County Superior Court Commissioner Maurice M. Epstein granted the motion removing Petitioner as personal representative.[10] Petitioner brought a motion for revision on June 8, 1995.[11] Judge Joan E. DuBuque reversed the commissioner's ruling and reinstated Petitioner as personal representative.[12]
Petitioner Stacy R. Bennett then brought a motion for attorneys' fees under the general fee provision in RCW Chapter 11.96, which governs jurisdiction and procedure in probate actions. Referring to the general fee provision of RCW 11.96.140, Petitioner sought an award of attorneys' fees and costs incurred by the estate in successfully opposing Respondent's motion for removal.[13] On July 18, 1995, King County Superior Court Judge Jim Bates awarded attorneys' fees of $4,076.20, one-half the amount sought, in favor of the estate of Mary Margaret Kerr against Respondent Susan Ruegg. The order provided:
THIS MATTER came before the Court on the Estate's Petition for Award of Attorneys' Fees and Costs. The Court has considered the petition, the declaration of Scott A.W. Johnson and the exhibits thereto, the response of Susan Ruegg, the Declaration of Craig E. Schuman, the Declaration of Paul A. Cantor and exhibits thereto, and the other pleadings filed in this matter.
NOW, THEREFORE, IT IS HEREBY ORDERED that the Estate's request for an award of its attorneys' fees and costs shall be and hereby is GRANTED in part.
IT IS FURTHER HEREBY ORDERED that the Estate shall be awarded in its favor against Susan Ruegg one half of its reasonable attorneys' fees and costs incurred in responding to Susan Ruegg's petition and in filing the request for attorneys' fees and cost in the amount of $4076.20. Susan Ruegg shall be liable to the estate in that amount.[[14]]
On July 28, 1995, a King County court commissioner entered judgment as follows:

SUMMARY JUDGMENT
Pursuant to RCW 4.64.030, the following information should be entered in the Clerk's Execution Docket:
1. Judgment Creditor: The Estate of Mary Margaret Kerr
2. Judgment Creditor's Attorneys: Lora L. Brown and Scott A.W. Johnson and the firm of Stokes, Eitelbach & Lawrence, P.S.
3. Judgment Debtor: Margaret Susan Kerr Bennett Hartmann Ruegg (formerly known as Susan or Sue Bennett or Susan *813 or Sue Hartmann, and currently known as Susan or Sue Ruegg) ("Susan Ruegg").
4. Amount of Judgment: $4076.20
5. Amount of Interest Owed to Date of Judgment: $0
6. Total of Taxable Costs and Attorneys' Fees: $0

ENTRY OF JUDGMENT
THIS MATTER came before the Court on presentation by Stacy R. Bennett, Personal Representative of the Estate of Mary Margaret Kerr, of a judgment for money due by Susan Ruegg. The judgment was presented pursuant to RCW 4.60.070 and based on the Court's order awarding attorneys' fees and costs which is attached hereto as Exhibit A. Based on the foregoing:
THE COURT HEREBY ENTERS JUDGMENT in favor of the Estate of Mary Margaret Kerr against Susan Ruegg in the amount of $4,076.20.[[15]]
On August 15, 1995, Respondent Susan Ruegg appealed the award of attorneys' fees,[16] arguing that the award under RCW 11.96.140 is contrary to the fee provision in RCW 11.68.070. Referring to RCW Chapter 11.68, which provides for settlement of small estates without administration, she argued that the specific fee provision of RCW 11.68.070 applied and not the general fee provision of RCW 11.96.140.[17]
In an unpublished per curiam decision dated November 4, 1996, the Court of Appeals, Division One, reversed the judgment against Respondent, holding that the more general fee provision in RCW 11.96.140 does not apply where another specific section of the probate code has its own fee provision.[18]
The personal representative of the estate, Petitioner Bennett, petitioned this Court for review which we granted on April 2, 1997.

DISCUSSION
Petitioner contends she is entitled to attorneys' fees under the general probate statute, RCW 11.96.140. She contends that under rules of statutory construction, in construing potential conflict between general and specific statutes, courts must harmonize the statutes, if at all possible, and consider legislative intent. According to Petitioner, the Court of Appeals did not attempt to harmonize the statutes nor consider legislative intent and therefore its decision conflicts with decisions of this Court. Petitioner also contends this Court has awarded attorneys' fees under RCW 11.96.140 in similar cases where the litigation did not substantially benefit the estate.
Conversely, Respondent asserts this Court has consistently held that a specific statute supersedes a general statute when both might apply or when the general provision conflicts with the specific provision. According to Respondent, consistent with our decisions, the Court of Appeals properly determined that because the statutes are in conflict, the specific provision supersedes the general provision. Respondent also claims attorneys' fees under RCW 11.96.140 are not appropriate in this case because the litigation ultimately benefited the estate. Both Petitioner and Respondent raise questions of public policy.

RULES OF STATUTORY CONSTRUCTION
Relying on Omega Nat'l Ins. Co. v. Marquardt,[19] Petitioner contends the court may award discretionary attorneys' fees under RCW 11.96.140 without relying solely upon RCW 11.68.070. In Omega, insurance companies challenged the Insurance Commissioner's authority to regulate life insurance rates. They argued that the specific statute authorizing the Commissioner to regulate rates did not apply to life insurance. The companies claimed that the specific rate chapter of the statute controlled over the general chapter authorizing the Commissioner *814 to regulate unfair practices because specific statutes prevail over general ones. This Court concluded the two statutes could be harmonized and the specific statute did not prevent application of the general one, stating:
In interpreting a statute, we are obliged to construe the enactment as a whole, and to give effect to all language used. Every provision must be viewed in relation to other provisions and harmonized if at all possible. Preference is given a more specific statute only if the two statutes deal with the same subject matter and conflict to such an extent that they cannot be harmonized.[[20]]
Petitioner also cites State v. Board of Yakima County Comm'rs, quoting this Court's statement that "[i]t is the duty of the court to reconcile apparently conflicting statutes and to give effect to each of them, if this can be achieved without distortion of the language used."[21] Relying upon Omega and Yakima, Petitioner contends that courts can harmonize the specific and general statutes governing attorneys' fees in probate proceedings because the statutes are not in conflict.
The specific statute, RCW 11.68.070, allows courts to award attorneys' fees when a party challenging a personal representative is successful and the powers of the personal representative are restricted. That statute does not mention attorneys' fees for a personal representative who successfully defends against a challenge, as in this case. The general statute, RCW 11.96.140, allows courts to award attorneys' fees to any party in a probate action "as justice may require." Petitioner argues that because RCW 11.68.070 does not prohibit award of attorneys' fees to a successful personal representative, the two statutes would be harmonized by allowing attorneys' fees under RCW 11.96.140.
Historically, this Court has followed the rule that each provision of a statute should be read together with other provisions in order to determine legislative intent. "The purpose of reading statutory provisions in pari materia with related provisions is to determine the legislative intent underlying the entire statutory scheme and read the provisions `as constituting a unified whole, to the end that a harmonious, total statutory scheme evolves which maintains the integrity of the respective statutes.'"[22]
Citing Spokane County Fire Protec. Dist. No. 9 v. Spokane County Boundary Review Bd.,[23] Petitioner relies on this Court's statement of the rule that "a general statute prevails over a previously enacted special statute where such appears to have been the legislative intent." Petitioner correctly states that the Legislature enacted the specific statute, RCW 11.68.070, in 1974, and enacted the general statute, RCW 11.96.140, ten years later in 1984. Petitioner offers no authority to support a conclusion that the Legislature intended RCW 11.96.140 to supersede RCW 11.68.070. However, comparison of the enactment dates and reading each statute in relation to the other does provide a reasonable basis upon which we may determine legislative intent.
In contrast, Respondent contends RCW 11.68.070 supersedes RCW 11.96.140. Without discussing each case, Respondent cites State v. Halsen,[24]Waste Management of Seattle, Inc. v. Utilities & Transp Comm'n,[25] and Bowles v. Washington Dep't *815 of Retirement Sys.,[26] arguing that this Court has uniformly held that a specific statute supersedes a general statute when both might apply. In Halsen, this Court concluded that a general statute does not apply where there is a more specific statute. In Waste Management, this Court determined that a specific statute will supersede a general one when both apply. However, the Court also stated that statutes relating to the same subject "`are to be read together as constituting a unified whole, to the end that a harmonious total statutory scheme evolves which maintains the integrity of the respective statutes.'"[27] The Court concluded that statutes should be read as complementary, instead of as in conflict with each other.[28] But in Bowles, this Court determined that when two statutes are in apparent conflict, the more specific statute is given preference.
Referring to former RCW 11.96.070(7), now RCW 11.96.070(3),[29] Respondent contends the provisions of RCW 11.96 apply only when they do not conflict with "other chapters" of the probate code. The section involved in this case, RCW Chapter 11.68, is not one of the chapters referred to in RCW 11.96.070(7). Respondent nevertheless reasons that the general provision of RCW 11.96.140 conflicts with the specific provision of RCW 11.68.070. RCW 11.68.070 provides for award of attorneys' fees when a petitioner successfully persuades the court to remove or restrict the powers of a personal representative. Respondent argues that because the statute does not authorize imposition of attorneys' fees against an unsuccessful petitioner, an award of attorneys' fees in such cases under RCW 11.96.140 directly conflicts with the specific provision.
Respondent bolsters her argument that the two statutes conflict by citing Weyerhaeuser Co. v. Tri[30] and State v. Williams.[31] In both cases, this Court recognized that when a statute specifically designates the class of things upon which it operates, it can be inferred that the Legislature intended to exclude any omitted class. Consequently, Respondent contends that when the Legislature enacted RCW 11.68.070, it restricted attorneys' fees to petitioners who are successful in their removal action, thereby expressing its intent that personal representatives who successfully oppose petitions for removal or restriction are not entitled to attorneys' fees. Respondent concludes that awarding discretionary attorneys' fees in such cases under RCW 11.96.140 conflicts with RCW 11.68.070. However, as noted by Petitioner, in Williams, this Court cautioned that "the maxim of express mention and implicit exclusion `"is to be used only as a means of ascertaining the legislative intent where it is doubtful, and not as a means of defeating the apparent intent of the legislature."'"[32]
Quoting Pennsylvania Life Ins. Co. v. Department of Employment Sec.,[33] Respondent claims this Court uniformly limits attorneys' fees based upon statutes to those instances specifically stated, and uniformly denies attorneys' fees in areas not addressed in the relevant statute. In Pennsylvania Life, this Court stated that "where the Legislature provides for the allowance of attorney fees, it creates a substantive right and not a procedural remedy, and it attaches only as provided in the statute."[34] An employer who prevailed in an employment case was denied attorneys' fees because the specific statute only authorized fees for a prevailing applicant.
*816 The Court of Appeals agreed with Respondent and concluded that the specific provision, RCW 11.68.070, governs in this case. The court reasoned that the more general fee provision in RCW 11.96.140 does not apply where another specific section of the probate code has its own fee provision. The court referred to former RCW 11.96.070(7),[35] now RCW 11.96.070(3), stating that the provisions of RCW 11.96 apply only where they do not conflict with other chapters of the probate code.[36]
The Court of Appeals also agreed with Respondent's application of the rule followed by this Court in Williams that when a statute specifically designates the thing or classes of things upon which it operates, it can be inferred that the Legislature intended to exclude what is omitted:
In this case, the statute [RCW 11.96.140] allows attorney fees only where the court decides to restrict the powers of the personal representative. Omitting mention of an unsuccessful petition indicates the intent to exclude attorney fees in such cases. Because the statute does not allow for fees in case of an unsuccessful removal petition, the court in this case had no authority to award fees to the estate.[[37]]

WASHINGTON CASE LAW
Petitioner Bennett contends attorneys' fees are justified under RCW 11.96.140 because Respondent's petition for removal provided no benefit to the estate and in fact severely depleted its assets. According to Petitioner, Respondent wanted appointment of another "independent" personal representative merely to protect her own personal interests in the estate. Petitioner claims such an appointment would have cost the estate even more in administration fees and expenses.
Citing In re Estate of Niehenke,[38] Petitioner reasons that the estate is entitled to attorneys' fees because this Court has determined that recent Washington cases suggest "it is inappropriate to assess fees against an estate when the litigation could result in no substantial benefit to the estate." In Niehenke, this Court cited 4 William J. Bowe & Douglas H. Parker, Page on Wills § 31.13, at 218 (1961), in stating that "it has been held that where the services of the attorneys are rendered solely for the benefit of certain parties and are not for the benefit of the estate, attorneys' fees should not be awarded out of the estate, even though the estate is incidentally benefited by having adverse claims decided." The major issue in Niehenke concerned exercise of an option to purchase a farm which involved no substantial benefit to the estate. The Court determined the litigation involved a contest between rival claimants to an estate asset and that awarding attorneys' fees under RCW 11.96.140 would therefore not be appropriate. The Court also concluded that awarding attorneys' fees from the estate to the prevailing party would result in unfair costs to beneficiaries not involved in the litigation.
Countering Petitioner's arguments, Respondent contends her petition ultimately benefited the estate. She claims Petitioner, as personal representative, did not provide a timely inventory required under RCW 11.44.015.[39] In her petition, Respondent sought and obtained from the Court Commissioner an order directing Petitioner to render an accounting. Respondent thus asserts that, even assuming RCW 11.96.140 is the applicable statute, justice does not require award of attorneys' fees to the estate.
Following Niehenke, this Court stated in In re Estate of Baird,[40] "In determining *817 whether an award of fees should be made from the assets of an estate under this chapter [RCW 11.96.140], this court has followed the rule that it is inappropriate to assess fees against the estate when the litigation could result in no substantial benefit to the estate." Baird involved rival claimants to a portion of the estate. This Court stated that determining which claimant should prevail would not substantially benefit the estate itself, and, additionally, an award to either party would result in the known beneficiary funding attorneys' fees for the contesting parties. This Court held that neither of the parties was entitled to attorneys' fees under RCW 11.96.140.
Similarly, in In re Estate of Larson,[41] this Court held that the litigating parties are entitled to reasonable attorneys' fees if they can demonstrate an overall benefit to the estate. Applying the same reasoning in In re Estate of Riemcke,[42] this Court concluded that the respondent's action resulted in an increase of estate assets and thus the trial court properly exercised its discretion in awarding attorneys' fees. This Court affirmed a similar ruling by the trial court in In re Estate of Hamilton[43] in which the court awarded attorneys' fees for legal services which benefited the entire estate and not merely individual beneficiaries.

PUBLIC POLICY CONSIDERATIONS
Respondent urges this Court to consider the public policy underlying RCW 11.68.070. According to Respondents, the right to seek removal of a personal representative under the specific removal statute is the only mechanism available for monitoring the conduct of personal representatives with nonintervention powers. Respondent argues that the provision does not allow imposing attorneys' fees against unsuccessful petitioners seeking removal because such a provision would substantially interfere with a beneficiary's ability to protect the estate from improper conduct by a personal representative.
Petitioner argues that prohibiting award of attorneys' fees to an estate forced to defend against petitions for removal of its personal representative would foster meritless and bad faith removal actions by eliminating any financial risk to the moving party. According to Petitioner, this result is particularly harsh and unjust for small estates whose assets would be depleted in defending such removal suits. Petitioner argues that beneficiaries who have valid grounds for challenging a personal representative would not be deterred because courts are allowed to award attorneys' fees "as justice may require" under RCW 11.96.140.
This Court has not previously addressed the public policy underlying RCW 11.68.070. Although the Court of Appeals agreed with Respondent, its observation does not clearly articulate a cognizable public policy.[44] The award of attorneys' fees to an estate, whose personal representative successfully defends an action for removal, is consistent with the public policy underlying our probate code.

SUMMARY AND CONCLUSION
Under rules of statutory construction, each provision of a statute should be read together with related provisions to determine the legislative intent underlying the entire statutory scheme. Reading the provisions as a unified whole maintains the integrity of the respective statutes. A more specific statute supersedes a general statute only if the two statutes pertain to the same subject matter and conflict to the extent they cannot be harmonized. The maxim of express mention and implicit exclusion should not be used to defeat legislative intent. The Court of Appeals in this case did not harmonize the statutes, RCW 11.96.140 and RCW 11.68.070, to determine legislative intent.
The specific probate statute, RCW 11.68.070, allows an award of attorneys' fees when a petitioner successfully persuades the court to remove or restrict the powers of a personal representative. That statute does *818 not refer to attorneys' fees in instances in which the personal representative successfully defends against such a challenge, as in this case. The general probate statute, RCW 11.96.140, allows courts to award attorneys' fees to any party in a probate action "as justice may require." Former RCW 11.96.070(7), now RCW 11.96.070(3), cited by the Court of Appeals, states that the provisions of Chapter 11.96 shall not supersede otherwise applicable provisions of certain enumerated chapters. The statute involved in this case, RCW Chapter 11.68, is not one of the chapters enumerated.
The statutes in this case are not in conflict because RCW 11.68.070 does not prohibit award of attorneys' fees to a successful personal representative. The specific and general statutes would be harmonized by allowing discretionary award of attorneys' fees under RCW 11.96.140.
Washington case law supports an award of attorneys' fees in this case under RCW 11.96.140. As in Niehenke and Baird, this case involves a dispute between two beneficiaries, Petitioner and Respondent, over exercise of the powers of a personal representative. There was no substantial benefit to the estate. Yet, the estate, and indirectly its other beneficiaries, bore the cost of the litigation. Under these circumstances the trial court had discretion to award attorneys' fees to the estate "as justice may require." Award of attorneys' fees in probate proceedings under RCW 11.96.140, in conjunction with RCW 11.68.070, adheres to a harmonious, total statutory scheme and serves to protect the interests of an estate.
We reverse the per curiam decision of the Court of Appeals which reversed the judgment of the King County Superior Court awarding attorneys' fees to the Estate of Mary Margaret Kerr, Deceased, whose personal representative is Petitioner Stacy R. Bennett.
We deny the request of Respondent Susan Ruegg for attorneys' fees and costs incurred in opposing this petition for review under RAP 18.9(a).
DURHAM, C.J., and DOLLIVER, GUY, JOHNSON, MADSEN, ALEXANDER, TALMADGE and SANDERS, JJ., concur.
NOTES
[1] RCW 11.96.140 "CostsAttorneys' fees. Either the superior court or the court on appeal, may, in its discretion, order costs, including attorneys' fees, to be paid by any party to the proceedings or out of the assets of the estate or trust or nonprobate asset, as justice may require."
[2] RCW 11.68.070 "Procedure when personal representative recreant to trust or subject to removal.... In the event the court shall restrict the powers of the personal representative in any manner, it shall endorse the words "Powers restricted" upon the original order of solvency together with the date of said endorsement, and in all such cases the cost of the citation, hearing, and reasonable attorney's fees may be awarded as the court determines."
[3] Clerk's Papers at 66.
[4] Clerk's Papers at 81-82.
[5] Clerk's Papers at 81.
[6] Clerk's Papers at 35-37.
[7] Clerk's Papers at 87.
[8] Clerk's Papers at 142-57, 290-97.
[9] Clerk's Papers at 65-78.
[10] Clerk's Papers at 127-29.
[11] Clerk's Papers at 3.
[12] Clerk's Papers at 33.
[13] Clerk's Papers at 1-8.
[14] Clerk's Papers at 137-38.
[15] Clerk's Papers at 140-41.
[16] Clerk's Papers at 134-35.
[17] Br. of Appellant at 7-8.
[18] Pet. for Review, App. A at 3.
[19] 115 Wash.2d 416, 425, 799 P.2d 235 (1990).
[20] 115 Wash.2d at 425, 799 P.2d 235 (footnotes omitted).
[21] 123 Wash.2d 451, 459-60, 869 P.2d 56 (1994) (citing Tommy P. v. Board of County Comm'rs, 97 Wash.2d 385, 391-92, 645 P.2d 697 (1982)).
[22] State v. Williams, 94 Wash.2d 531, 547, 617 P.2d 1012, 24 A.L.R.4th 1191 (1980) (quoting State v. Wright, 84 Wash.2d 645, 650, 529 P.2d 453 (1974)). See also Weyerhaeuser Co. v. Tri, 117 Wash.2d 128, 133, 814 P.2d 629 (1991) (citing State v. Sommerville, 111 Wash.2d 524, 531, 760 P.2d 932 (1988) (each provision of the statute should be read in relation to the other provisions, and the statute should be construed as a whole)).
[23] 97 Wash.2d 922, 925-26, 652 P.2d 1356 (1982).
[24] 111 Wash.2d 121, 122, 757 P.2d 531 (1988).
[25] 123 Wash.2d 621, 630, 869 P.2d 1034 (1994).
[26] 121 Wash.2d 52, 78, 847 P.2d 440 (1993).
[27] 123 Wash.2d at 630, 869 P.2d 1034 (quoting Wright, 84 Wash.2d at 650, 529 P.2d 453).
[28] Id.
[29] "RCW 11.96.070(7).... The provisions of this chapter shall not supersede the otherwise applicable provisions and procedures of chapter 11.24, 11.28, 11.40, 11.52, 11.56, or 11.60 RCW with respect to any rights or legal obligations that are subject to those chapters."
[30] 117 Wash.2d at 133-34, 814 P.2d 629.
[31] 94 Wash.2d at 537, 617 P.2d 1012.
[32] 94 Wash.2d at 537, 617 P.2d 1012 (quoting DeGrief v. City of Seattle, 50 Wash.2d 1, 12, 297 P.2d 940 (1956)).
[33] 97 Wash.2d 412, 414, 645 P.2d 693 (1982).
[34] 97 Wash.2d at 414, 645 P.2d 693.
[35] See Bentzen v. Demmons, 68 Wash.App. 339, 349-50, 842 P.2d 1015 (1993).
[36] Pet. for Review, App. A at 3.
[37] Pet. for Review, App. A at 4.
[38] 117 Wash.2d 631, 648, 818 P.2d 1324 (1991).
[39] RCW 11.44.015 "Inventory. Within three months after his appointment, unless a longer time shall be granted by the court, every personal representative shall make and return upon oath into the court a true inventory of all of the property of the estate which shall have come to his possession or knowledge, including a statement of all encumbrances, liens or other secured charges against any item."
[40] 131 Wash.2d 514, 521-22, 933 P.2d 1031 (1997).
[41] 103 Wash.2d 517, 534, 694 P.2d 1051 (1985).
[42] 80 Wash.2d 722, 736, 497 P.2d 1319 (1972).
[43] 73 Wash.2d 865, 869, 441 P.2d 768 (1968).
[44] Pet. for Review, App. A at 4.