161 P.3d 441 (2007)
In re the Marriage of Richard D. MacGIBBON, Appellant, and
Deborah J. MacGibbon; and Department of Social and Health Services, Respondents.
Nos. 57223-7-I, 57770-1-I.
Court of Appeals of Washington, Division 1.
July 2, 2007.
Dennis John Mcglothin, Olympic Law Group PLLP, Seattle, WA, for Appellant.
*442 Camden Michael Hall, Camden Hall, PLLC, Jonathan William Milstein, Atty. Generals Office, SHS, Seattle, WA, for Respondent.

PUBLISHED IN PART
COX, J.
¶ 1 Court review of a decision of an administrative law judge under Chapter 74.20A RCW is a judicial review proceeding under the Administrative Procedure Act (APA).[1] Such review is not a proceeding under either Chapter 26.09 RCW or Chapter 26.18 RCW. Accordingly, neither RCW 26.09.140 nor 26.18.160 authorizes the award of attorney fees either for the administrative proceedings under Chapter 74.20A or the judicial review of those proceedings.
¶ 2 A party's intransigence provides a separate basis for award of fees in marital dissolution actions. But our supreme court has rejected such an equitable basis for fees in administrative proceedings. Thus, there is no basis for award of fees for instransigence in administrative proceedings under Chapter 74.20A.
¶ 3 CR 11 sanctions may be imposed, as appropriate, during the course of judicial review of administrative proceedings. To the extent the superior court imposed sanctions in one of the consolidated cases before us here for actions during the course of judicial review, the court did not abuse its discretion. We accordingly affirm the award of CR 11 sanctions to the extent they were imposed for actions during the judicial review of the administrative proceedings. But we vacate the award of CR 11 sanctions to the extent they are for actions before judicial review of the administrative proceedings. We remand to the superior court for reconsideration of the amount of sanctions in view of our resolution of this issue. We reverse the award of attorney fees by the superior court in both consolidated cases to the extent they are based on RCW 26.09.140, RCW 26.18.160, RCW 4.84.185 or intransigence on the part of Richard MacGibbon.
¶ 4 Richard and Deborah MacGibbon were married for approximately 20 years and have six children. The dissolution of their marriage in 2000 followed a 12-day trial.
¶ 5 The decree of dissolution orders maintenance based on a formula rather than a fixed sum. Until Richard's 60th birthday in 2009, he must pay Deborah one half of his "gross income from all sources," after deducting child support and income taxes.[2] The maintenance provision specifies a "base rate" below which maintenance payments may not fall: $4,000 per month until 2003, $5,500 per month until 2006, and $7,000 per month until 2009.[3] For the five years after Richard's 60th birthday, he must pay one-half of his gross income "generated by his work in the airlines industry."[4]
¶ 6 Richard appealed the decree and later appealed several administrative and judicial determinations interpreting and enforcing the decree. Two of those appeals are relevant here.
¶ 7 The first was Richard's appeal to this court of the decree of dissolution. In that appeal, he raised numerous issues including the trial court's division of property, its award of escalating maintenance to Deborah, the order of child support, and the award of substantial attorney fees to Deborah. In December 2001, this court filed an unpublished opinion, affirming the trial court in all respects except for a remand for minor modifications regarding child support.[5] The supreme court denied his petition for review.
¶ 8 While that appeal was pending, Deborah requested assistance from the Division of Child Support (DCS) of the Department of Social and Health Services in collecting maintenance *443 and child support from Richard.[6] DCS commenced administrative proceedings to determine the amount Richard owed as maintenance for tax year 2000. Following a hearing, an ALJ issued an order assessing $90,777.55 in additional maintenance to be paid to Deborah. In calculating the maintenance, the ALJ included $140,647 in proceeds of Richard's sale in 2000 of California real property that had been awarded to him in the decree of dissolution. Richard petitioned for judicial review in King County Superior Court. After a hearing, the superior court affirmed the administrative decision in all respects. Richard then appealed to this court.
¶ 9 In that second appeal to this court, Richard argued that the superior court erroneously interpreted "gross income from all sources" to include income generated from the sale of his previously awarded separate property (the California real property). According to him, this caused an improper "double recovery" of marital assets for Deborah that was inconsistent with the decree's stated purpose.[7] This court affirmed in a July 2005 unpublished opinion, rejecting Richard's contentions on res judicata grounds. Our court decided that the failure to challenge in the first appeal the dissolution decree's maintenance formula based on "gross income from all sources" precluded raising the issue in the second appeal.[8]
¶ 10 Meanwhile, Deborah requested further assistance from DCS in recovering past due maintenance for tax years 2001 and 2002. In the administrative proceedings that followed, the ALJ addressing tax year 2001 determined that Richard owed $55,948.74 for past due maintenance for that year. Another ALJ determined in a later hearing that Richard owed $39,944.60 for tax year 2002. Both ALJs rejected Richard's claim that income he reported on his tax returns for those years for IRA distributions should be excluded from the maintenance calculation. His claim was based, in part, on the argument that the IRA was a fund awarded to him as part of the property division of the dissolution decree. He essentially argues that those proceeds cannot be used to calculate maintenance for Deborah because they were awarded to him.
¶ 11 Importantly, the ALJs also rejected Deborah's request for attorney fees. They also rejected her claim for interest on the delinquent maintenance obligations from the times they were due.
¶ 12 Richard sought review of the administrative decisions when he petitioned for judicial review in King County Superior Court. Deborah did not cross-petition for review of any part of either ALJ ruling. However, several months after the final order by the ALJ regarding tax year 2001, Deborah made "counterclaims" for attorney fees and interest for the delinquent maintenance obligations in her response to the petition for review.[9]
¶ 13 In September 2005, a superior court judge affirmed the administrative determination regarding tax year 2001. That judge also granted Deborah's request for awards of attorney fees at both the administrative and judicial review levels, imposed CR 11 sanctions against Richard and his counsel, and awarded interest for the past due maintenance.
¶ 14 In December 2005, a different superior court judge affirmed the administrative determination regarding tax year 2002 and granted Deborah's request for interest on the past due maintenance. In a later ruling, the same judge also granted Deborah's requests for attorney fees at the administrative and superior court review levels.
¶ 15 Richard timely appealed the superior court order denying the petition for review and the order assessing attorney fees and sanctions for the 2001 tax year matter. He *444 also appealed the order denying his petition for review and the order assessing attorney fees for the 2002 tax year matter after the attorney fees order was entered. We consolidated these appeals.

STANDARD OF REVIEW
¶ 16 The APA governs this court's review of the decisions at issue.[10] Under the APA, this court reviews the superior court proceedings de novo[11] and the administrative determinations for abuse of discretion based on the agency record.[12] Issues not raised at the agency level may not normally be raised for the first time on judicial review.[13] A court reviewing agency action under the APA has authority only to affirm, reverse, or remand administrative proceedings to the agency.[14] A reviewing court has no authority to modify an agency's decision.[15]

ATTORNEY FEES

Superior Court Proceedings
¶ 17 Richard challenges the superior court's awards of attorney fees for the judicial review proceedings. Specifically, he claims the court did not have any proper basis to award fees.
¶ 18 "In Washington, attorney fees may be awarded only when authorized by a private agreement, a statute, or a recognized ground of equity."[16] There is no agreement for attorney fees here.
¶ 19 The superior court orders cited several bases for imposition of fees, including RCW 26.09.140, RCW 26.18.160, RCW 4.84.185 and Richard's intransigence. We cannot sustain the award on any of these grounds.
¶ 20 RCW 26.09.140 provides, in pertinent part, that
The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for reasonable attorney's fees[.][17]
The plain language of the statute requires a proceeding under "this [26.09 RCW] chapter."[18] The proceedings involved in this case, however, are judicial reviews under chapter 34.05 RCW. Specifically, the judicial reviews are of administrative proceedings to secure maintenance and support for dependent persons under chapter 74.20 RCW and 74.20A RCW. Thus, RCW 26.09.140 does not provide authority for fees in these proceedings at the superior court level.
¶ 21 The superior court's reliance on RCW 26.18.160 likewise fails. Similar to RCW 26.09.140, that statute allows attorney fees only to the prevailing party "[i]n any action to enforce a support or maintenance order under this [Chapter 26.09 RCW] chapter[.]"[19] Therefore, the statute does not support the award of fees in judicial review of DCS determinations of this type because they are not under Chapter 26.09 RCW.
*445 ¶ 22 RCW 4.84.185 was also cited by the superior court. That statute generally allows fees for opposing frivolous actions. Contrary to Richard's contention, RCW 4.84.185 is expressly applicable to petitions for judicial review of administrative proceedings by operation of RCW 34.05.598.[20] But actions must be wholly frivolous to support an award of fees under RCW 4.84.185.[21] Here, as is discussed in detail in the unpublished portion of this opinion, Richard correctly argued that modifying the ALJ determinations denying attorney fees and interest at the administrative level was improper. Thus, Richard's position in the judicial review proceeding was not wholly frivolous.
¶ 23 Deborah nonetheless forcefully argues that the policy reasons supporting an award of fees in enforcement proceedings under chapters 26.09 and 26.18 RCW are equally applicable to proceedings under chapters 74.20 and 74.20A RCW. That may be true. Nevertheless, that is a contention that must be addressed to the legislature, not to this court. The plain words of these statutes state that fees are not awardable in this case. We cannot create a statutory right to fees when the legislature has not done so.
¶ 24 The superior court orders alternatively based the fee awards on findings of Richard's intransigence. Washington courts have long held that, in marital dissolution proceedings, a party's intransigence will justify an award of fees without regard to the parties' financial resources.[22] Intransigence may be "demonstrated by litigious behavior, bringing excessive motions, or discovery abuses."[23]
¶ 25 Richard cites Pennsylvania Life Insurance Company v. Employment Security Department.[24] There, an employer sought an award of attorney fees even though the statute that authorized those fees for parties that successfully challenged the decisions of the commissioner of employment security never mentioned employers. After a review of earlier cases, the supreme court rejected a general equitable basis for fees in administrative review proceedings:
These authorities make it clear that in a statutory proceeding such as this, the court will allow only the attorney fees which are provided for in the statute. The respondent insists, however, that the court has equitable power to grant an employer attorney fees. This is not an equitable proceeding. It is a proceeding to review an administrative determination, conducted under the provisions of the administrative procedure act (RCW 34.04), as required by RCW 50.32.120. Under RCW 34.04.130 the only authority of the court in granting relief is to affirm the decision of the agency, reverse it, or remand it for further proceedings. Unless a party can show that he is entitled to attorney fees under the law which gives the right of review (here, RCW 50.32), there is no authority in the court to award such fees pursuant to equitable or other doctrines.[25]
¶ 26 Deborah has not cited any statute showing she is entitled to attorney fees under either chapter 74.20 RCW or its companion chapter, 74.20A. Instead, she cites language from Clark v. Horse Racing Comm'n to suggest the supreme court approves awarding attorney fees in administrative cases involving "bad faith."[26]
*446 ¶ 27 That language from Clark is not helpful here. First, the language Deborah cites is dicta discussing pre-Pennsylvania Life cases, none of which involved a proceeding under the APA and none of which actually sustained an attorney fee award on that basis.[27] Second, there is nothing in the latter case to suggest that it overruled Pennsylvania Life.
¶ 28 Deborah also cites RCW 4.84.350 and related statutes, on which the superior court did not rely, contending they provide alternative bases for upholding the fee award.[28] But they cannot sustain the award here.
¶ 29 RCW 4.84.350, known as the "Equal Access to Justice Act," provides authority for petitioners to recover attorney fees from a state agency for successful court challenges of the agency action. However, this statute does not provide a basis for fees when the agency is simply acting as an adjudicative agency and is but a nominal party on review.[29] Thus, it provides no basis for a fee award in this case.
¶ 30 Finally, at oral argument, Deborah argued that even if other bases for the fees award failed, we should affirm because the superior court has inherent authority to award fees when appropriate. Case law has recognized that where sanctions are not otherwise authorized, a trial court may impose appropriate sanctions under its inherent authority to control litigation.[30] But sanctions for advancing a wholly frivolous position in an APA judicial review proceeding are already available through RCW 4.84.185 and RCW 34.05.598.[31] As discussed above, Richard's position in the superior court litigation was not wholly frivolous, which is required for an award under the court's inherent authority.[32]

Administrative Proceedings
¶ 31 Richard also challenges the superior court orders awarding attorney fees to Deborah for proceedings at the administrative level. The bases for the fees award in this regard suffer the same infirmities as the award of fees for judicial review proceedings discussed above. Moreover, because the ALJs specifically refused to award fees and Deborah did not timely cross-appeal, the superior court lacked authority to grant Deborah any relief with respect to those determinations by the ALJs.[33]

CR 11 Sanctions
¶ 32 In the judicial review of the proceeding for tax year 2001, the superior court concluded that CR 11 sanctions were appropriate and served as an alternative basis for *447 awarding fees.[34] The court assessed $5,000 in sanctions directly against Richard's former counsel, who is not counsel in this appeal, and $19,236.25 directly against Richard. The court found that Richard and his counsel had advanced frivolous legal arguments that unjustifiably ignored the prior proceedings and were further based on an unsupportable reading of In re Marriage of Coyle, 61 Wash. App. 653, 659-60, 811 P.2d 244 (1991).
¶ 33 The fees imposed as sanctions against Richard's former counsel have not been challenged on appeal. Accordingly, we do not address them here.
¶ 34 We find no abuse of discretion on the part of the court in imposing some amount of fees as sanctions against Richard. CR 11 provides that the court may, on motion or sua sponte, award an appropriate sanction for signing and filing a pleading, motion, or memorandum contrary to the rule. The superior court entered supported findings that the arguments in Richard's trial brief, filed as his legal memorandum in support of judicial review, were frivolous and advanced for the improper purpose of harassing Deborah and causing unnecessary delay in the payment of his maintenance obligation.
¶ 35 We cannot, however, sustain the amount of fees awarded by the court on this basis. It appears that the amount of fees ordered by the court included fees for Deborah's counsel's work at the administrative level of the proceedings. This was improper for two reasons. First, as discussed above, the ALJ specifically denied fees for proceedings at the administrative level, and Deborah did not cross-appeal that ruling. Second, fees for CR 11 sanctions are to address "the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or legal memorandum" and Richard's trial brief in the superior court was the only memorandum found by the court to have violated the rule. Accordingly, we remand for the superior court to fix the fee award in a reasonable amount, limited to fees Deborah incurred in responding to the improper arguments advanced during judicial review of the agency action.

Attorney Fees on Appeal
¶ 36 Richard and Deborah both request fees on appeal. As we have explained, the award of fees on judicial review of the administrative determination in this case is not warranted. Richard's claim is based solely on the Equal Access to Justice Act, which does not apply to his claim for the same reasons it does not apply to Deborah's. Accordingly, we deny the request for fees by both parties.
¶ 37 We affirm the award of CR 11 sanctions to the extent they were imposed for actions during the judicial review of the administrative proceedings regarding tax year 2001. But we vacate the award of CR 11 sanctions to the extent they are for actions before judicial review of the administrative proceedings. We remand to the superior court for reconsideration of the amount of sanctions in view of our resolution of this issue. We reverse the award of attorney fees by the superior court to the extent they are based on RCW 26.09.140, RCW 26.18.160, RCW 4.84.185 and Richard's intransigence.
¶ 38 The balance of this opinion has no precedential value. Accordingly, pursuant to RCW 2.06.040, it shall not be published.
WE CONCUR: SCHINDLER, A.C.J, and COLEMAN, J.
NOTES
[1] RCW 34.05.510 et seq.
[2] We use the first names of the parties for clarity.
[3] Clerk's Papers (XX-X-XXXXX-X) at 54.
[4] Clerk's Papers (XX-X-XXXXX-X) at 55.
[5] In re Marriage of MacGibbon, Nos. 46304-7-I, 2001 WL 1565599 (Wash. Dec. 10, 2001), review denied, 148 Wash.2d 1015, 64 P.3d 649 (2003). Linked cases before the same panel dealt with a trial court finding of contempt by Richard. See Nos. 47672-6-I, 47772-2-I.
[6] RCW 74.20.040(2). See also 20 Washington Practice, Family and Community Property Law, sec. 36.10, n. 1, pp 417-418 ("other definitional provisions make the statute applicable to maintenance", citing RCWA 74.20A.020(4); RCWA 74.20A.020(9), and RCWA 74.20A.020(10)).
[7] In re Marriage of MacGibbon, No. 53981-7-I, slip op. at *5, 128 Wash.App. 1027, 2005 WL 1579767, *2 (July 5, 2005).
[8] Id.
[9] Clerk's Papers (XX-X-XXXXX-X) at 80-85.
[10] RCW 34.05.570; Burnham v. Dep't of Social & Health Servs., 115 Wash.App. 435, 438, 63 P.3d 816 (2003).
[11] Biermann v. City of Spokane, 90 Wash.App. 816, 821, 960 P.2d 434 (1998).
[12] Okamoto v. Employment Security Dep't, 107 Wash.App. 490, 494-95, 27 P.3d 1203 (2001).
[13] RCW 34.05.554; King County v. Boundary Review Board, 122 Wash.2d 648, 670, 860 P.2d 1024 (1993).
[14] RCW 34.05.574(1)(b).
[15] Skold v. Johnson, 29 Wash.App. 541, 549-50 n. 6, 630 P.2d 456 (1981); Pennsylvania Life Ins. Co. v. Employment Sec. Dep't, 97 Wash.2d 412, 417, 645 P.2d 693 (1982).
[16] Fisher Properties, Inc. v. Arden-Mayfair, Inc., 106 Wash.2d 826, 849-50, 726 P.2d 8 (1986).
[17] RCW 26.09.140 (emphasis added).
[18] See In re Marriage of T, 68 Wash.App. 329, 334, 842 P.2d 1010 (1993) ("RCW 26.09.140 applies only to proceedings under RCW 26.09"); c.f. In re Marriage of Hunter, 52 Wash.App. 265, 274 n. 5, 758 P.2d 1019 (1988) (distinguishing RCW 26.18.160 from RCW 26.09.140 on the ground that it does not require a showing of one party's need or the other's ability to pay), review denied, 112 Wash.2d 1006 (1989).
[19] RCW 26.18.160 (emphasis added).
[20] RCW 34.05.598 provides that "The provisions of RCW 4.84.185 relating to civil actions that are frivolous and advanced without reasonable cause apply to petitions for judicial review under this chapter."
[21] In re Cooke, 93 Wash.App. 526, 530, 969 P.2d 127 (1999).
[22] In re Marriage of Crosetto, 82 Wash.App. 545, 564, 918 P.2d 954 (1996).
[23] In re Marriage of Wallace, 111 Wash.App. 697, 710, 45 P.3d 1131 (2002), review denied, 148 Wash.2d 1011, 64 P.3d 650 (2003) (citing Gamache v. Gamache, 66 Wash.2d 822, 829-30, 409 P.2d 859 (1965) (husband refused to attend trial despite repeated demands that he testify and then filed meritless appeal to cause former wife as much expense and delay as possible); Eide v. Eide, 1 Wash.App. 440, 445-46, 462 P.2d 562 (1969) (husband's recalcitrant, foot-dragging, obstructionist attitude increased cost of litigation to former wife)).
[24] 97 Wash.2d 412, 645 P.2d 693 (1982).
[25] Pa. Life Ins. Co., 97 Wash.2d at 417, 645 P.2d 693 (footnotes omitted).
[26] 106 Wash.2d 84, 93, 720 P.2d 831 (1986).
[27] Clark v. Horse Racing Comm'n, 106 Wash.2d at 93, 720 P.2d 831 (citing State ex rel. Macri v. Bremerton, 8 Wash.2d 93, 111 P.2d 612 (1941); PUD 1 v. Kottsick, 86 Wash.2d 388, 390, 545 P.2d 1 (1976); Hsu Ying Li v. Tang, 87 Wash.2d 796, 798, 557 P.2d 342 (1976); ASARCO, Inc. v. Air Quality Coalition, 92 Wash.2d 685, 716, 601 P.2d 501 (1979)).
[28] See State ex rel. A.N.C. v. Grenley, 91 Wash. App. 919, 927-28, 959 P.2d 1130 (1998) (reviewing court can sustain a grant of attorney fees under a different statute than the one relied upon by the lower court). But see Blueberry Place Homeowners Assoc. v. Northward Homes, Inc., 126 Wash.App. 352, 362-63, 110 P.3d 1145, 1151 (2005) (declining to affirm on the basis of alleged bad faith litigation conduct by one of the parties when it was not addressed by the trial court and the record therefore was not sufficiently developed to resolve the issue on that basis.).
[29] Duwamish Valley Neighborhood Pres. Coalition v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 97 Wash.App. 98, 100, 982 P.2d 668 (1999).
[30] In re Matter of Firestorm 1991, 129 Wash.2d 130, 139, 916 P.2d 411 (1996).
[31] We note that CR 11 provides a basis for sanctions, when appropriate. We also note that the CR 11 sanctions entered against Richard's prior counsel in the review of the 2001 maintenance determination are unchallenged.
[32] See Rogerson Hiller Corp. v. Port of Port Angeles, 96 Wash.App. 918, 929, 982 P.2d 131 (1999) (citing In Re Recall of Pearsall-Stipek, 136 Wash.2d 255, 266-67, 961 P.2d 343 (1998)), review denied, 140 Wash.2d 1010, 999 P.2d 1259 (2000) (even when proper for a court to exercise its inherent power, it must make a supported finding of both a frivolous claim and an improper motive).
[33] King County v. Central Puget Sound Growth Management Hearings Board, 138 Wash.2d 161, 179-80, 979 P.2d 374 (1999).
[34] Clerk's Papers (XX-X-XXXXX-X) at 480-81. In contrast, the judge conducting the judicial review of the 2002 tax year proceedings struck Deborah's proposed language awarding fees as a CR 11 sanction. See Clerk's Papers (XX-X-XXXXX-X) at 205.