## NOTICE:   SLIP OPINION
### (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**MARCH 31, 2022**
In the Office of the Clerk of Court
WA State Court of Appeals Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Postsentence Review of: | ) | No. 38351-2-III |
| | ) | |
| ALEX EDUARDO RODRIGUEZ. | ) | PUBLISHED OPINION |
| | ) | |

PENNELL, J. —Alex Eduardo Rodriguez was sentenced as a first-time offender under RCW 9.94A.650. This statute specifies that an individual's term of community custody cannot exceed 6 months unless the court also imposes treatment, in which case the maximum term of community custody is 12 months. Mr. Rodriguez was sentenced to 12 months of community custody, but there was no treatment ordered. This was legal error. We therefore grant the petition of the Department of Corrections (DOC) and remand to the superior court for compliance with the first-time offender waiver statute.

BACKGROUND

Mr. Rodriguez pleaded guilty to third degree assault. At sentencing, the trial court imposed 30 days of confinement to be followed by 12 months of community custody. The judgment and sentence issued by the court specified that Mr. Rodriguez was being sentenced under the first-time offender waiver statute, RCW 9.94A.650, but it did not order treatment.

No. 38351-2-III
*In re Postsentence Review of Rodriguez*

After receipt and review of Mr. Rodriguez's judgment and sentence, the DOC reached out to the superior court and counsel for the parties, asking for clarification or correction of Mr. Rodriguez's sentence. The DOC pointed out that under RCW 9.94A.650(3), an individual sentenced as a first-time offender cannot receive more than six months of community custody unless the trial court also orders treatment. If treatment is ordered, the court may impose up to one year of community custody. *Id.*

The State disagreed with the DOC's assessment and decline to facilitate correction of the judgment and sentence. According to the State, the superior court had authority to impose up to 12 months of community custody without treatment because Mr. Rodriguez was convicted of a crime against a person under RCW 9.94A.702(1)(c) and RCW 9.94A.411. The superior court did not respond to these communications.

The DOC subsequently filed a postsentence petition with this court pursuant to RCW 9.94A.585(7), challenging Mr. Rodriguez's sentence and its compliance with RCW 9.94A.650.

## ANALYSIS

At issue in this case is how to interpret the interplay of two statutes addressing community custody: RCW 9.94A.702, which is a general community custody statute applicable to individuals sentenced to one year or less of confinement; and

2

No. 38351-2-III
*In re Postsentence Review of Rodriguez*

RCW 9.94A.650, which authorizes sentences under the first-time offender waiver. When engaged in statutory interpretation, our review is de novo. *In re Postsentence Review of Bercier*, 178 Wn. App. 148, 150, 313 P.3d 491 (2013).

RCW 9.94A.702(1) states: "If an offender is sentenced to a term of confinement for one year or less for one of the following offenses, the court may impose up to one year of community custody." Offenses listed under this subsection include crimes against persons. RCW 9.94A.702(1)(c). RCW 9.94A.702(2) states: "If an offender is sentenced to a first-time offender waiver, the court may impose community custody as provided in RCW 9.94A.650."

RCW 9.94A.650 sets forth the requirements for sentencing an individual as a first-time offender. The statute addresses community custody and states that "[t]he court may impose up to six months of community custody *unless* treatment is ordered, in which case the period of community custody may include up to the period of treatment, but shall not exceed one year." RCW 9.94A.650(3) (emphasis added).

The two statutes here work in harmony. RCW 9.94A.702(1) generally allows, but does not require, trial courts to impose up to one year of community custody if the defendant's sentence is less than one year. The statute specifically refers trial courts to RCW 9.94A.650 if the defendant is sentenced as a first-time offender. RCW 9.94A.650

3

No. 38351-2-III
*In re Postsentence Review of Rodriguez*

also allows, but does not require, a court to impose up to one year of community custody. However, this statute adds a requirement that if a court chooses to impose community custody beyond six months and up to one year, it must also impose a condition of treatment. RCW 9.94A.650(3).

RCW 9.94A.702 and RCW 9.94A.650 work together to specify that when a defendant is sentenced as a first-time offender, a community custody term is governed by RCW 9.94A.650. This reading follows the general-specific rule of statutory construction, which favors a more specific statute over a more general one if two are in conflict. *See In re Estate of Kerr*, 134 Wn.2d 328, 949 P.2d 810 (1998).

We agree with the DOC that the superior court here imposed an unlawful sentence that failed to comport with RCW 9.94A.650(3). Because Mr. Rodriguez was sentenced as a first-time offender under RCW 9.94A.650, the court's community custody options were limited by the first-time offender statute. If the court did not want to impose treatment, the community custody term needed to be capped at six months. RCW 9.94A.650(3). If the superior court believed six months of community custody was insufficient, it needed to include a condition of treatment. *Id*. The court was not permitted to impose a term of community supervision exceeding six months without an order of treatment.

4

No. 38351-2-III
*In re Postsentence Review of Rodriguez*

CONCLUSION

We grant the DOC's petition and remand this matter to the superior court with instructions to impose, pursuant to RCW 9.94A.650(3), a lawful term of community custody.

_____
Pennell, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Staab, J.

5