111 P.3d 879 (2005)
Don DELAGRAVE, Appellant,
v.
EMPLOYMENT SECURITY DEPARTMENT OF THE STATE OF WASHINGTON, Respondent.
No. 22714-6-III.
Court of Appeals of Washington, Division 3, Panel Five.
May 10, 2005.
As Amended on Denial of Reconsideration July 19, 2005.
*881 Darrell K. Smart, Smart Law Offices PS, Yakima, WA, for Appellant.
Tomas S. Caballero, Attorney General of Washington, Wenatchee, WA, for Respondent.
SCHULTHEIS, J.
¶ 1 Don Delagrave seeks to reduce his obligation to the Employment Security Department (ESD) arising from overpayments it made to him. Mr. Delagrave received overlapping benefits from ESD and the Department *882 of Labor and Industries (L & I) when he received a lump-sum retroactive time loss settlement from L & I that covered the same period he was receiving ESD benefits. He argues we should apply the "common fund" doctrine to require ESD to pay a share of the attorney fees he expended for the recovery of funds on ESD's behalf from L & I. After paying his attorney, full repayment to ESD will result in a net loss to Mr. Delagrave. Therefore, he claims, ESD will be unjustly enriched. Because the ESD statutes do not allow for the application of the "common law" rule, we find no error in the failure to apply the rule. However, we reverse and remand for consideration of Mr. Delagrave's request for a repayment waiver.

FACTS
¶ 2 Mr. Delagrave injured his neck and shoulder on January 18, 2001, in the course of his employment. He was unable to work due to his injuries and sought disability benefits through L & I. When his claim was denied, he hired counsel. He agreed to pay his attorney 30 percent of any retroactive benefits collected from L & I. Mr. Delagrave also sought unemployment compensation benefits through ESD. He began receiving unemployment benefits effective January 26, 2002, after a required waiting period due to his L & I status.
¶ 3 In June 2002, Mr. Delagrave, through counsel, succeeded in obtaining benefits from L & I. L & I paid him $10,350.31 for retroactive time loss from January 26, 2002 until June 5, 2002. He so informed ESD and returned some unemployment checks to avoid overpayment from overlapping benefits. From the $10,350.31 payment, Mr. Delagrave paid his counsel $3,105.09.
¶ 4 In August 2002, ESD notified Mr. Delagrave that due to his successful L & I claim for retroactive time loss, he was overpaid by ESD by $7,922 for the periods January 27 through June 8, 2002. ESD demanded repayment of that amount. Mr. Delagrave appealed to an administrative law judge (ALJ). He claimed the overpayment obligation should be reduced to require ESD to pay a pro rata share of the $3,105.09 in attorney fees he expended that ultimately resulted in his recovery of funds on ESD's behalf from L & I. The ALJ made the following relevant findings of fact and conclusions of law, and order.
FINDINGS OF FACT:
....
3. Appellant does not deny that he was overpaid, or that the amount of benefits at issue for unemployment insurance purposes is $7,922.00. He also does not argue that the liability to repay the amount should be waived for equitable reasons. He acknowledges he received unemployment insurance benefits through ESD and time loss compensation through L and I for the same weeks. Appellant argues that he should be allowed a pro rated reduction for attorney's fees, the sum of $3,105.09.
CONCLUSIONS OF LAW:
1. The provisions of RCW 50.20.190 and WAC 192-28-105, WAC 192-28-110, WAC 192-28-115 are applicable and will be found on the attachment.
2. Having given due consideration to each of the factors set forth in the above-cited regulations, it is concluded that the claimant was without fault but must remain liable for repayment of the $7,922.00 overpaid.
3. The undersigned has authority to waive the overpayment, for reasons of equity and good conscience, or to require claimant to pay the sum in full. The undersigned has been unable to find any legal authority which would allow the undersigned to require the Department to "pay" its share of the attorney's fees. That case law cited by the appellant is not entirely analogous to this situation, as the Department is not in a position of a third party tortfeasor.
Now therefore it is ORDERED:
The Decision of the Employment Security Department under appeal is AFFIRMED. The claimant is not at fault in causing the overpayment but remains liable for the refund of regular benefits pursuant to RCW 50.20.190 in the amount of $7,922.00.
Clerk's Papers (CP) at 8-9. Mr. Delagrave appealed to the ESD commissioner. The *883 commissioner affirmed the ALJ's decision and adopted the ALJ's findings of fact and conclusions of law, subject to certain "additions, modifications, and comments." CP at 106. Specifically, the commissioner held:
Claimant contends, in part, that the Employment Security Department would never have had a claim on him for the $7,922 overpayment but for the fact he expended an attorney fee to obtain the L & I award, and seeks the reduction either as a matter of right or on legal authority separate and apart from the "equity and good conscience" overpayment waiver provisions contained in RCW 50.20.190 and WAC 192-28-115.1
While we can appreciate the general principle behind claimant's contention (though we are perhaps as unclear as was the administrative law judge at the efficacy of the particular formula proposed), neither an administrative law judge nor the undersigned has the authority to waive part or all of an overpayment for any other reason than the "equity and good conscience" provisions of the cited statute and regulation.
1 The record indicates that the claimant chose not to avail himself of the aforementioned waiver provisions.
CP at 106-07.
¶ 5 The superior court made findings of fact and conclusions of law and affirmed the commissioner's decision. Mr. Delagrave now appeals to this court.

DISCUSSION

STANDARD/SCOPE OF REVIEW
¶ 6 This review is governed by the Administrative Procedure Act (APA), chapter 34.05 RCW. Tapper v. Employment Sec. Dep't, 122 Wash.2d 397, 402, 858 P.2d 494 (1993). Under the APA, the ESD commissioner is empowered to review the ALJ's decision. Id. at 404, 858 P.2d 494; RCW 50.32.080. The commissioner is the final authority for the agency's determinations on unemployment compensation. Tapper, 122 Wash.2d at 404, 858 P.2d 494. We therefore review the commissioner's decision to the extent it modifies or replaces the ALJ's findings relevant to the appeal. Id. We sit in the same position as the superior court and apply the APA standards directly to the record. Id. at 402, 858 P.2d 494. However, the findings of fact and conclusions of law entered by the superior court here are superfluous to our review. Durham v. Dep't of Employment Sec., 31 Wash.App. 675, 676, 644 P.2d 154 (1982) (citing Andreas v. Bates, 14 Wash.2d 322, 128 P.2d 300 (1942)).
¶ 7 We review the challenged findings of fact to determine whether they are supported by substantial evidence. In re Farina, 94 Wash.App. 441, 449-50, 972 P.2d 531 (1999). "Substantial evidence is `"evidence in sufficient quantum to persuade a fair-minded person of the truth of the declared premises."'" Id. at 450, 972 P.2d 531 (quoting Heinmiller v. Dep't of Health, 127 Wash.2d 595, 607, 903 P.2d 433, 909 P.2d 1294 (1995)). Findings that are not properly challenged are treated as verities. Tapper, 122 Wash.2d at 407, 858 P.2d 494. The findings are presumed prima facie correct; the challenger bears the burden of rebutting this presumption. RCW 34.05.570(1)(a); Safeco Ins. Cos. v. Meyering, 102 Wash.2d 385, 391, 687 P.2d 195 (1984).
¶ 8 We review challenged conclusions of law de novo. Farina, 94 Wash.App. at 450, 972 P.2d 531. We give ESD's construction of the statutes it has been charged to interpret substantial deference. Safeco, 102 Wash.2d at 391, 687 P.2d 195. Ultimately, however, it remains our duty to determine what the law is and, thus, we may substitute our interpretation of the law for ESD's interpretation. Id. at 391-92, 687 P.2d 195; Farina, 94 Wash.App. at 450, 972 P.2d 531.

BENEFIT OVERPAYMENTS
¶ 9 A person is disqualified from receiving unemployment compensation if he or she is receiving or will receive industrial insurance disability benefits. RCW 50.20.085. Generally, when one is overpaid as a result of overlapping ESD and L & I payments he or she must repay the amount overpaid to ESD. RCW 50.20.190(1).

*884 COMMON FUND DOCTRINE
¶ 10 Mr. Delagrave argues that since ESD received a pecuniary benefit to which it would not have been entitled absent his attorney's successful efforts, attorney fees should be paid from the fund which his attorney created. See, e.g., Mahler v. Szucs, 135 Wash.2d 398, 957 P.2d 632, 966 P.2d 305 (1998). Under the common fund doctrine, the court may award attorney fees out of a common fund to a litigant who has maintained a successful suit for the preservation, protection, or increase of the common fund for the benefit of the litigant and others. Id. at 426-27, 957 P.2d 632; Grein v. Cavano, 61 Wash.2d 498, 505-06, 379 P.2d 209 (1963). Under this doctrine, a court may obligate an insurer to pay a pro rata share of attorney fees when the insured's action against a third party generates a recovery for both the insured and the insurer. Mahler, 135 Wash.2d at 436, 957 P.2d 632; Winters v. State Farm Mut. Auto. Ins. Co., 144 Wash.2d 869, 877, 31 P.3d 1164, 63 P.3d 764 (2001).
¶ 11 There is no express provision in the statute that allows ESD to forgive an amount attributable to attorney fees on an overpayment. When the legislature does not act to create such a provision, we may not read one into the statute even if we believe the omission is unintentional. State ex rel. Ewing v. Reeves, 15 Wash.2d 75, 85, 129 P.2d 805 (1942); Dep't of Labor & Indus. v. Cook, 44 Wash.2d 671, 677, 269 P.2d 962 (1954). RCW 50.32.160 provides for payment of attorney fees and costs out of the unemployment compensation administration fund only if a commissioner's decision is reversed. A provision for attorney fees for recovery of overpayment is notably absent from this provision as well as from the overpayment provisions of the statutes. See RCW 50.20.085,.190. If the legislature had intended attorney fees to be available in overlapping benefits scenarios like the one here, the logical place to include such a provision would be within these three statutes. Mr. Delagrave correctly notes that there is a provision for fees upon recovery from third parties in the L & I statute (RCW 51.24.060(1)). But that only underscores this point.
¶ 12 Moreover, Washington follows the American rule-attorney fees are not recoverable unless provided for otherwise in contract, statute, or recognized equitable principles. Rettkowski v. Dep't of Ecology, 128 Wash.2d 508, 514, 910 P.2d 462 (1996). Although Mr. Delagrave correctly notes that the common fund rule is a common law rule of equity, it is susceptible to modification by statute. "If the merits of the litigation fall within a statutory scheme which prohibits the award of attorney fees, or allows such an award under narrow circumstances, a party cannot enlarge those circumstances by reference to the common fund doctrine or other equitable powers of the trial court." Leischner v. Alldridge, 114 Wash.2d 753, 757, 790 P.2d 1234 (1990) (citing Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 719, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967)). RCW 50.32.160 provides for attorney fees under narrow circumstances. The statute may not be enlarged under the doctrine.

WAIVER OF OVERPAYMENT
¶ 13 RCW 50.20.190(2) relevantly provides: "The commissioner may waive an overpayment if the commissioner finds that the overpayment was not the result of fraud, misrepresentation, willful nondisclosure, or fault attributable to the individual and that the recovery thereof would be against equity and good conscience."
¶ 14 ESD has published a regulation interpreting this statute:
(2) ... It will be against equity and good conscience to deny waiver when repayment of the overpayment would deprive the individual of income required for necessary living expenses unless there are unusual circumstances which would militate against waiver.
....
(5) If average monthly expenses equal or exceed average monthly income and there are no substantial liquid assets available, waiver of the overpayment will be considered. The presence of unusual circumstances may justify waiver on other *885 than a financial basis when not to waive would be unconscionable.
WAC 192-28-115.
¶ 15 ESD asserts that Mr. Delagrave must be precluded from arguing that the commissioner should have considered a waiver of the overpayment because he did not specifically couch his challenge to the overpayment order as one for a waiver for reasons that repayment would offend "equity and good conscience" under RCW 50.20.190.
¶ 16 As noted, the commissioner did not make his own findings of fact or conclusions of law; instead he adopted the ALJ's findings and conclusions except to the extent they were supplemented, modified, or otherwise commented upon in his decision. The commissioner held that Mr. Delagrave sought reduction of the overpayment owed to ESD "either as a matter of right or on legal authority separate and apart from the `equity and good conscience' overpayment waiver provisions contained in RCW 50.20.190 and WAC 192-28-115." CP at 106-07. In a footnote the commissioner observed, "The record indicates that the claimant chose not to avail himself of the aforementioned waiver provisions." CP at 107 n. 1. The ALJ found that Mr. Delagrave failed to assert that "the liability to repay the amount should be waived for equitable reasons." CP at 9. It is unclear whether this particular finding was effectively supplanted by the commissioner's decision.
¶ 17 RAP 10.3 requires an appellant to assign error to the findings of fact he challenges. Mr. Delagrave did not assign error to any findings of fact. The commissioner did not convey his remarks in the form of findings or identify which of the ALJ's findings he added to, modified, or commented on. Thus, complying with the rule under these circumstances would have been awkward. We construe the rules of appellate procedure liberally to promote justice and facilitate the decision of cases on the merits. RAP 1.2(a); State v. Olson, 126 Wash.2d 315, 318-19, 893 P.2d 629 (1995). "In a case where the nature of the appeal is clear and the relevant issues are argued in the body of the brief and citations are supplied so that the court is not greatly inconvenienced and the respondent is not prejudiced, there is no compelling reason for the appellate court not to exercise its discretion to consider the merits of the case or issue." Olson, 126 Wash.2d at 323, 893 P.2d 629. Here, the issues are sufficiently argued and briefed and ESD is not prejudiced. ESD does not object to Mr. Delagrave's failure to strictly comply with RAP 10.3.[1] There is no inconvenience to this court and no other compelling reason for this court not to address the merits of this issue. Accordingly, we will review the waiver issue.
¶ 18 Both the ALJ and the commissioner apparently found that Mr. Delagrave failed to seek a waiver of the overpayment by asserting that the overpayment was not his fault and ESD's recovery would be against equity and good conscience under RCW 50.20.190 and/or WAC 192-28-115. See Tapper, 122 Wash.2d at 406, 858 P.2d 494 ("When findings of fact are not explicitly delineated, or where those findings are buried or hidden within conclusions of law, it is within the prerogative of an appellate court to exercise its own authority in determining what facts have actually been found below"). This finding of fact is not supported by substantial evidence. Mr. Delagrave's argument, supra, is imbued with and grounded in equity. Further, when the ALJ asked him the nature of his challenge at his hearing, Mr. Delagrave specifically advised it was equitable. CP at 49. There could be no mistake that he sought a waiver of at least a portion of the overpayment for equitable reasons. The commissioner incorrectly found to the contrary.
*886 ¶ 19 The purpose of unemployment compensation is to reduce involuntary unemployment and ease the suffering caused thereby. RCW 50.01.010. To achieve this purpose, the Employment Security Act must be liberally construed in favor of the unemployed worker. Id. When the legislature mandates liberal construction in favor of the worker, we should not narrowly interpret provisions to the worker's disadvantage when the statutory language does not suggest that such a narrow interpretation was intended. Lightle v. Dep't of Labor & Indus., 68 Wash.2d 507, 413 P.2d 814 (1966); Shoreline Cmty. Coll. Dist. No. 7 v. Employment Sec. Dep't, 120 Wash.2d 394, 406, 842 P.2d 938 (1992). Mr. Delagrave made a colorable argument for a waiver under the statute. Even though Mr. Delagrave did not expressly identify RCW 50.20.190 as the basis for a reduction of the overpayment, he adequately identified the nature of his request to such an extent that the commissioner should have ruled on it under the statute.

RESTRICTION ON WAIVER
¶ 20 In her second conclusion of law, the ALJ specifically noted that she had "given due consideration to each of the factors set forth in the above-cited regulations." CP at 9. The regulations to which she refers are most probably the regulations set forth in her first conclusion of law: WAC 192-28-105 (notice of overpayment), WAC 192-28-110 (finding of fault for overpayment), and WAC 192-28-115 (waiver in equity and good conscience). Even though the ALJ found that Mr. Delagrave did not seek a waiver for equitable reasons, based on her conclusion that she gave "due consideration" to the regulations  including the regulation for a waiver  it is not entirely clear whether the ALJ actually considered a waiver but ultimately decided against granting one. The fact that the commissioner's decision does not address specific findings of fact or conclusions of law adds to the confusion; it is not clear whether the commissioner's decision added to, modified, or commented upon this conclusion.
¶ 21 However, the commissioner ultimately denied Mr. Delagrave's request for reduction because "neither an administrative law judge nor the undersigned has the authority to waive part or all of an overpayment for any other reason than the `equity and good conscience' provisions of the cited statute and regulation." CP at 107. It is the commissioner's decision that we ultimately review. Tapper, 122 Wash.2d at 406, 858 P.2d 494.
¶ 22 We will uphold an agency's interpretation of a regulation if "it reflects a plausible construction of the language of the statute and is not contrary to the legislative intent." Seatoma Convalescent Ctr. v. Dep't of Soc. & Health Servs., 82 Wash.App. 495, 518, 919 P.2d 602 (1996). If the agency's interpretation of the law conflicts with an applicable statute, the statute controls. Safeway, Inc. v. Dep't of Revenue, 96 Wash.App. 156, 160, 978 P.2d 559 (1999). We must ensure that the agency applies and interprets its regulations consistently with the enabling statute. Ortega v. Employment Sec. Dep't, 90 Wash.App. 617, 622, 953 P.2d 827, review granted and later withdrawn, 136 Wash.2d 1028, 972 P.2d 464 (1998).
¶ 23 The equity and good conscience statute does not limit the circumstances under which the commissioner may find that a waiver is warranted. RCW 50.20.190(2) provides that the commissioner "may" waive recovery if it would be "against equity and good conscience." Here, the commissioner determined that Mr. Delagrave was not at fault. The regulation interpreting the statute provides certain circumstances when ESD "will" grant a waiver: "when it is found that the individual was without fault in the overpayment and when it is determined that to require repayment would be against equity and good conscience." WAC 192-28-115(2). The regulation goes on to provide, "It will be against equity and good conscience to deny waiver when repayment of the overpayment would deprive the individual of income required for necessary living expenses unless there are unusual circumstances which would militate against waiver." Id. Further, "[t]he presence of unusual circumstances may justify waiver on other than a financial basis when not to waive would be unconscionable." WAC 192-28-115(5).
¶ 24 To the extent that the commissioner ruled that a waiver for equity and good conscience *887 is limited to those circumstances expressly identified under the regulations, namely, WAC 192-28-115(2) and (5), it was an error of law. Such a conception would make WAC 192-28-115(2) and (5) inconsistent with the statutory language. "An agency may not promulgate a rule that amends or changes a legislative enactment." Edelman v. State ex rel. Pub. Disclosure Comm'n, 152 Wash.2d 584, 591, 99 P.3d 386 (2004) (citing State ex rel. Evergreen Freedom Found. v. Wash. Educ. Ass'n, 140 Wash.2d 615, 634, 999 P.2d 602 (2000)). Under such a ruling, the provisions of the regulation would limit the effect of RCW 50.20.190 by limiting the circumstances under which ESD would allow a waiver when there is no such limitation in the statute. This would exceed ESD's rule making authority. Edelman, 152 Wash.2d at 591-92, 99 P.3d 386.[2]
¶ 25 When a term is undefined by the statute, it should be given its ordinary meaning. State ex rel. Graham v. Northshore Sch. Dist. No. 417, 99 Wash.2d 232, 244, 662 P.2d 38 (1983). In Washington jurisprudence, the term equity and good conscience is broadly used in many different contexts.[3] We often resort to dictionaries to ascertain the common meaning of statutory terms. Id.; Codd v. Stevens Pass, Inc., 45 Wash.App. 393, 399, 725 P.2d 1008 (1986). In BLACK'S LAW DICTIONARY 560 (7th ed.1999) equity is defined as "[f]airness; impartiality; evenhanded dealing ... The body of principles constituting what is fair and right." Conscience means "[t]he moral sense of right or wrong ... In law, the moral rule that requires justice and honest dealings between people." BLACK'S, supra, at 299. It is clear that equity and good conscience means, quite *888 simply, fairness. See Quinlivan v. Sullivan, 916 F.2d 524, 527 (9th Cir.1990).
¶ 26 RCW 50.20.190 instructs the commissioner to determine whether, as a matter of fairness, ESD ought to waive repayment. The commissioner must so determine that under these facts on remand.

ATTORNEY FEES
¶ 27 Because we reverse the commissioner's ruling, we direct that Mr. Delagrave's attorney fees and costs be awarded and payable out of the unemployment compensation fund pursuant to RCW 50.32.160. Scully v. Dep't of Employment Sec., 42 Wash.App. 596, 605, 712 P.2d 870 (1986) (citing Ancheta v. Daly, 77 Wash.2d 255, 265-67, 461 P.2d 531 (1969); Vergeyle v. Dep't of Employment Sec., 28 Wash.App. 399, 404-05, 623 P.2d 736 (1981)), overruled on other grounds by Davis v. Dep't of Employment Sec., 108 Wash.2d 272, 737 P.2d 1262 (1987).

CONCLUSION
¶ 28 The commissioner correctly ruled that Mr. Delagrave was not entitled to application of the common fund rule as a matter of law. However, the commissioner's finding that Mr. Delagrave did not seek a waiver on the basis of equity is not supported by substantial evidence. The commissioner erred by failing to consider Mr. Delagrave's request for a waiver. Further, to the extent that the commissioner ruled that a waiver for equity and good conscience is limited to those circumstances expressly identified under WAC 192-28-115 it was an error of law. Equity and good conscience means fairness.
¶ 29 The decision of the superior court affirming the ESD commissioner is reversed. We remand the matter to the commissioner for consideration of the facts and circumstances of this case to determine whether, in fairness, Mr. Delagrave should be granted a partial waiver of the overpayment.
¶ 30 Mr. Delagrave's attorney fees on the appellate level will be granted subject to his compliance with RAP 18.1(d) (affidavit of fees and expenses to be filed within 10 days of this decision).
¶ 31 Attorney fees and costs incurred by Mr. Delagrave in the superior court appeal shall be awarded by that court as may be appropriate and consistent with this opinion on remand.
I CONCUR: KURTZ, J.
BROWN, J. (dissenting).
¶ 32 I agree the common fund doctrine does not apply here. I part company with the majority in its equitable reasoning and result because Don Delagrave did not seek an "equity and good conscience" waiver under RCW 50.20.190(2). Further, Mr. Delagrave did not present any personal hardship information during the administrative process. Mr. Delagrave concedes he received overlapping benefits.
¶ 33 Mr. Delagrave came here seeking reimbursement for attorney fees he paid in securing Department of Labor and Industries (L & I) benefits solely under a common fund theory, nothing more. Because no attorney fees are statutorily recoverable in either the L & I or unemployment compensation contexts before us, it is difficult to envision how the payment of attorney fees alone can support an unjust enrichment or a hardship equitable recovery. Mr. Delagrave contends public policy supports his argument for proportionate payment of his attorney fees. But policy making is a legislative function, not a judicial function. Jones v. Jones, 48 Wash.2d 862, 868-69, 296 P.2d 1010 (1956). The legislative policy expressed in the relevant statutes does not allow for attorney fees under these facts.
¶ 34 I would, like the superior court, hold that the commissioner did not err in rejecting Mr. Delagrave's request for attorney fees, and affirm.
¶ 35 Accordingly, I respectfully dissent.
NOTES
[1] In its brief ESD cited cases for the proposition that unchallenged factual findings are verities on appeal. Resp't's Br. at 5 (citing Tapper, 122 Wash.2d at 407, 858 P.2d 494; Dep't of Labor & Indus. v. Allen, 100 Wash.App. 526, 530, 997 P.2d 977 (2000)). Three pages later, ESD noted, "In this case, Mr. Delagrave chose not to raise the equity and good conscience overpayment waiver provisions contained in RCW 50.20.190." Resp't's Br. at 8. But ESD did not assert that Mr. Delagrave failed to properly challenge the findings. It only argued that "the Commissioner justifiably declined to waive Mr. Delagrave's overpayment because the record below is devoid of any facts that would support such a waiver." Resp't's Br. at 8.
[2] See also Quinlivan v. Sullivan, 916 F.2d 524, 527 (9th Cir.1990) (holding when Congress has directed the Social Security Administration to waive overpayments if claimant is not at fault and recovery would be against the purpose of the statutory scheme or would be against equity and good conscience (42 U.S.C. § 404(b) (1988)) and the Social Security Administration limited the term equity and good conscience to three specific situations (20 C.F.R. § 404.509(a) (1990)), "the phrase `against equity and good conscience' cannot be limited to the three narrow definitions" in the regulations because the regulations do not comport with the ordinary meaning of the statute; instead, "courts must apply cautiously the equity and good conscience standard to the circumstances of each case" according to the ordinary meaning of the language; by using the term equity and good conscience Congress intended a broad concept of fairness on a case-by-case basis); but see also 70B Am.Jur.2d Social Security and Medicare § 1880 (2000) (noting that the Quinlivan holding is limited to the Ninth Circuit).
[3] See, e.g., RCW 51.12.102 (waiver of overpayment by L & I to maritime workers due to overlap of federal benefits); RCW 51.16.155 (compromise in amount of employer L & I premium arrearages); RCW 51.32.220 (waiver of overpayment to disabled persons under L & I for overlapping federal benefits); RCW 51.32.240 (waiver of overpayment of temporary disability benefits under L & I resulting from order rejecting benefit claim); CR 19(b) (when joinder of party is not feasible, trial court must determine whether action should proceed or be dismissed); Hensen v. Peter, 95 Wash. 628, 637, 164 P. 512 (1917) (noting that the equitable tolling rule is, among other things, "fortified by that sound public policy which sets its face against putting a premium upon unrighteous and vexatious litigation commenced and prosecuted by a party for the ulterior purpose of obtaining by indirection an advantage which in equity and good conscience he is not entitled to enjoy"); Family Med. Bldg., Inc. v. Dep't of Soc. & Health Servs., 104 Wash.2d 105, 112, 702 P.2d 459 (1985) (defining unjust enrichment as "money or property [that] has been placed in one person's possession such that in equity and good conscience he should not retain it"); State ex rel. Davis & Co. v. Superior Court, 95 Wash. 258, 163 P. 765 (1917) (holding when temporary injunction against soliciting plaintiff's customers and permanently injuring its business was dissolved and defendants are all insolvent and appellant may lose fruits of litigation pending appeal, Supreme Court, in aid of its appellate jurisdiction, has power to provide such relief as equity and good conscience requires, and will maintain status quo by issuing order of supersedeas, continuing injunction pendente lite or until further order of court); Scymanski v. Dufault, 80 Wash.2d 77, 88-89, 491 P.2d 1050 (1971) (quoting Seventh Elect Church v. First Seattle Dexter Horton Nat'l Bank, 162 Wash. 437, 440, 299 P. 359 (1931)) (a constructive trust is an equitable remedy that "`compel[s] restoration, where one through actual fraud, abuse of confidence reposed and accepted, or through other questionable means, gains something for himself which, in equity and good conscience, he should not be permitted to hold'"). Notably, the Washington Supreme Court used the term equity and good conscience in the context of the subrogation and the common fund doctrine. Mahler v. Szucs, 135 Wash.2d 398, 411, 957 P.2d 632, 966 P.2d 305 (1998) ("[The] ultimate responsibility for a wrong or loss [should be imposed] on the party who, in equity and good conscience, ought to bear it").