

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KIMBERLIE D. TUTTLE,      )   NO. 70805-8-I
             )
      Appellants,    )   DIVISION ONE
             )
       v.       )
             )
STATE OF WASHINGTON     )
DEPARTMENT OF EMPLOYMENT   )
SECURITY,          )   UNPUBLISHED OPINION
             )
      Respondent.    )   FILED: October 27, 2014
_____ )

LAU, J. — Under the Employment Security Act, a claimant is disqualified from receiving unemployment benefits for any periods he or she also received workers' compensation benefits. RCW 50.20.085. Any overpayment must be repaid unless the claimant establishes a basis for a waiver. RCW 50.20.190(2); WAC 192-220-017(1). The Employment Security Department (ESD) commissioner denied Kimberlie Tuttle's request for partial waiver in the amount of the attorney fees and costs she paid her attorney to appeal her workers' compensation benefits claim. Under the unchallenged facts, the commissioner properly concluded that it would not be unfair to require Tuttle to repay the overpaid unemployment benefits because her household monthly income greatly exceeded its expenses. And because the commissioner's findings of fact are

supported by substantial evidence and the commissioner correctly applied the law, we affirm.

## FACTS

Kimberlie Tuttle left her employer in 2009 due to a work related medical condition. She filed for and received unemployment benefits from ESD for each week ending May 2, 2009 through March 26, 2011. Tuttle also filed a claim for workers' compensation with the Department of Labor and Industries (DLI). DLI rejected the claim. She retained an attorney and appealed. The Board of Industrial Insurance Appeals reversed the decision and awarded her $65,134.06 in a lump sum payment for the period of June 16, 2009 through January 10, 2012. Of this award, $48,557.62 was paid for the same period that Tuttle also received unemployment benefits. Because she received unemployment benefits and workers' compensation for the same period contrary to RCW 50.20.085, it also ordered her to repay the $46,567 in overpaid benefits.

ESD issued a notice denying Tuttle unemployment benefits for the weeks ending June 20, 2009 through March 26, 2011. Tuttle requested an overpayment waiver. ESD found her at fault for the overpayment and denied her waiver request. The ESD commissioner[1] concluded Tuttle was fault free for the overpayment and remanded for further consideration by ESD on Tuttle's full or partial waiver eligibility. On remand,

---

[1] Decisions on petitions for commissioner review are made by review judges in the commissioner's review office but are treated as decisions of the commissioner due to statutory delegation. See RCW 50.32.070; WAC 192-04-020(5).

70805-8-I/3

ESD declined to grant a waiver and ordered Tuttle to repay $46,567 in overpaid

benefits.[2]

Tuttle appealed and requested an administrative hearing. In her ESD request for

waiver form, she claimed that repayment "would cause financial distress and was

against equity and good conscience." Administrative Record (AR) at 38. On

September 25, 2012, Tuttle testified about her household income and expenses. Her

husband earns $6,000 a month in income, and she receives approximately $2,048 in

unemployment benefits for a total income of $8,048. She testified that her household

expenses totaled $5,707 a month. This included $2,520 to rent a four-bedroom house,

$600 for utilities, $350 for gas, and $900 to $1,000 for food. Tuttle and her workers'

compensation attorney testified that Tuttle used the lump sum payment from her

workers' compensation to pay $16,029 in attorney's fees and $4,458 in litigation costs.

She used the remaining amount to pay for her teenage daughter's orthodontia, medical

care, and extracurricular school activities, and to pay for car repairs.

The ALJ (administrative law judge) made the following relevant findings of fact

and conclusions of law:

Findings of Fact:
. . . .
2. The claimant was overpaid a total of $46,567 for the weeks of June 16, 2009
through April 29, 2012. It was determined that the claimant was not at fault for
this overpayment and the matter was remanded to the Department for
consideration of a waiver. The claimant provided financial information to the
Department, but the Department declined to waive the overpayment because it
was determined that the claimant had probable unreported income from self or

---

[2] ESD declined to waive the overpayment after review of Tuttle's financial
information. ESD determined that she "had probable unreported income from self or
another household member, her necessary expenses were unrealistic and had received
time loss payments from the Department of Labor and Industries totaling $65,134.06."

another household member[ ], her necessary expenses were unrealistic and she had received time loss payments from the Department of Labor & Industries totaling $65,134.06. Exhibits 12-16.

3. The claimant pays the following expenses each month:

| EXPENSES | AMOUNT |
|---|---|
| Rent | $2520 |
| Utilities | $600 |
| Food | $950 |
| Clothing | $150 |
| Gas | $350 |
| Car Loans | $574 |
| Credit Cards | $100 |
| Medical | $75 |
| Insurance | $143 |
| School Expenses | $45 |
| Car Repairs | $200 |
| TOTAL | $5707 |

The claimant confirmed each of these expenses. This results in a total monthly expenses of $5707. The claimant lives with her husband and her 17 year old daughter. The claimant's husband receives $6000 in income each month. Each month, the claimant receives approximately $2048 from unemployment compensation benefits. This results in a total monthly income of $8048 for claimant. Exhibit 10; Exhibit 9.

4. The claimant used her lump sum payment from the Department of Labor & Industries time loss payment to pay $16,029 in attorney fees, $4,458 in litigation costs, provide orthodontia and medical expenses for her daughter, do car repairs, pay for school extra-curricular activities and costs for her daughter, who is in her senior year.

. . . .

Conclusions of Law:

. . . .

3. Herein, the claimant used her lump sum payment from the Department of Labor & Industries time loss payment to fund these monthly costs: car repairs, school expenses, and medical expenses for her daughter. Additionally, the undersigned finds the monthly food costs of $950 more than adequate for basic necessity expenses for three people and concludes that a more realistic number would be $500. Therefore, the undersigned concludes the monthly expenses can be reduced, because the claimant paid the monthly $200 car repair; $45 monthly school expenses, and $75 monthly medical expenses. The above

referenced reductions total $770 and subtracted from the claimant's monthly expenses make her basic monthly expenses around $4,937.

4. In this case, the claimant's monthly income exceeds her monthly expenses. Specifically, the claimant receives $8048 per month in income and she pays $4937 in expenses. Even if the claimant paid her estimated expenses of $5707, her monthly income exceeds her monthly expenses. Thus, claimant has sufficient income to meet her monthly expenses as her monthly income exceeds expenses by hundreds of dollars. Therefore, repayment would not deny claimant's household the income required for basic necessities.[3]

5. Claimant may be without fault in the matter of the overpayment, however, the claimant was paid money to which she was not entitled. The evidence does not indicate that she would be in a worse position after repaying it than she was prior to receiving it. Because refunding the overpayment will return her to the same financial position she was in prior to her receipt of the overpayment in question, she must repay same. Under these circumstances, it is not against equity and good conscience to deny waiver pursuant to RCW 50.20.190(2) and WAC 190-220-030, despite the fact that claimant did not cause the overpayment. Accordingly, the Determination of the Department will be affirmed.[4]

6. The claimant is not at fault in causing the overpayment but is required to repay the regular overpayment in the amount of $46,567.00 because requiring repayment would not be against equity and good conscience.

Tuttle appealed. The ESD commissioner affirmed the initial order on the overpayment determination and adopted the ALJ's findings of fact and conclusions of law. The commissioner also augmented conclusion of law 3:[5]

---

[3] We treat conclusion of law 4 as findings of fact. Tapper v. Emp't Sec. Dep't, 122 Wn.2d 397, 406, 858 P.2d 494 (1993).

[4] We treat conclusion of law 5 as findings of fact except the conclusion that "[u]nder these circumstances, it is not against equity and good conscience to deny waiver pursuant to RCW 50.20.190(2) and WAC 190-220-030, despite the fact that claimant did not cause the overpayment. Accordingly, the Determination of the Department will be affirmed." See Tapper 122 Wn.2d at 406.

[5] The commissioner also made a minor date change not relevant to this appeal. We also treat this augmented conclusion of law as a finding of fact except the portion that states, "This is the exact circumstance militating against waiver of her overpayment pursuant to WAC 192-220-030." See Tapper, 122 Wn.2d at 406.

We augment adopted Conclusion of Law No. 3 to state: "Claimant is willing to accommodate her family of three in a house that costs $2,520 a month in rent and $600 a month in utilities, while she is receiving public funds in the form of unemployment benefits or workers' compensation. Claimant's living arrangement clearly exceeds the level required to provide for basic necessities. This is the exact circumstance militating against waiver of her overpayment pursuant to WAC 192-220-030.

AR at 72.

Tuttle appealed to King County Superior Court, which affirmed the commissioner's determination. Tuttle appeals.

Standard of Review

Our review of this case is governed by the Administrative Procedure Act (APA), chapter 34.05 RCW. RCW 34.05.510; RCW 50.32.120; Rasmussen v. Emp't Sec. Dep't, 98 Wn.2d 846, 849, 658 P.2d 1240 (1983). We sit in the same position as the superior court and review the commissioner's decision, applying the APA standards "directly to the record before the agency." Tapper, 122 Wn.2d at 402. The commissioner's decision is prima facie correct, and the burden is on the appellant to establish its invalidity. RCW 34.05.570(1)(a); Smith v. Emp't Sec. Dep't, 155 Wn. App. 24, 32, 226 P.3d 263 (2010). Under the APA, a reviewing court may reverse the commissioner's decision only if it is not supported by substantial evidence or is based on an error of law. RCW 34.05.570(3).

It is the commissioner's findings of fact to the extent they modify or replace the findings of the ALJ that are relevant on appeal. Tapper, 122 Wn.2d at 405. When findings of fact are not explicitly delineated or where those findings are buried or hidden within conclusions of law, it is within the prerogative of an appellate court to exercise its own authority in determining what facts have actually been found below. Tapper, 122

Wn.2d at 406. Findings of fact will be upheld if supported by substantial evidence. RCW 34.05.570(3)(e). Unchallenged findings of fact are verities on appeal. Tapper, 122 Wn.2d at 407. The findings are presumed prima facie correct, and the challenger bears the burden of rebutting this presumption. RCW 34.05.570(1)(a); Safeco Ins. Cos. v. Meyering, 102 Wn.2d 385, 391, 687 P.2d 195 (1984).

Questions of law are reviewed under the error of law standard and are subject to de novo review. Shaw v. Emp't Sec. Dep't, 46 Wn. App. 610, 613, 731 P.2d 1121 (1987). Despite this, courts have consistently given a heightened degree of deference to a commissioner's interpretation of employment security law due to the Department's expertise in administering the law. Meyering, 102 Wn.2d at 391.

## ANALYSIS

A claimant who is paid unemployment benefits to which he or she is not entitled must return those benefits. RCW 50.20.190(1). Tuttle acknowledges her obligation to repay some of the overpaid benefits. But she asserts that she is entitled to a waiver for the amount of attorney fees and costs she paid to appeal her workers' compensation claim. RCW 50.20.190(2); WAC 192-220-017(1) ("You must repay the full amount of the overpayment, even if you are not at fault, unless you are granted a waiver.").

The main issue here is whether the unchallenged findings of fact support the commissioner's conclusion of law that under the circumstances, requiring Tuttle to repay the overpaid benefits would not be against equity and good conscience. Equity and "good conscience" is defined by rule as "fairness as applied to a given set of circumstances." Former WAC 192-220-030(1) (2008). ESD must consider the totality of the claimant's circumstances in determining whether to grant or deny a waiver.

70805-8-I/8

Former WAC 192-220-030(4). It is against equity and good conscience to deny a waiver "when repayment of the overpayment would deprive [the claimant] of income required to provide for basic necessities including food, shelter, medicine, utilities, and related expenses." Former WAC 192-220-030(2). The rule also lists nonexclusive factors that ESD "may" "but is not limited to," "in determining whether a waiver should be granted for reasons of equity and good conscience." Former WAC 192-220-030(3) (2003).

1. The claimant's general health;
2. The claimant's education level;
3. The claimant's employment status and history of employment;
4. The claimant's future earnings potential;
5. The claimant's marital status and number of dependents, including whether other household members are employed;
6. Whether an error by the Department contributed to the overpayment;
7. Whether the employer contributed to the overpayment;
8. Whether the claimant refused other government benefits because the claimant received unemployment benefits; and
9. Other factors indicating that repayment of the full amount would cause the claimant undue economic, physical, or mental hardship.

See WAC 192-220-030(3).

Tuttle challenged none of the commissioner's factual findings.[6] Thus, they are verities on appeal.

Tuttle contends the commissioner "incorrectly interpreted RCW 50.12.010[7] and WAC 192-220-030 . . ." by improperly limiting its interpretation of "against equity and

_____

[6] We nonetheless conclude that substantial evidence supports the findings of fact.

[7] RCW 50.12.010 governs the commissioner's duties and powers.

-8-

good conscience" to whether Tuttle would suffer economic hardship.[8] Appellant's Br. at 12. She also argues that the questions asked at Tuttle's hearing show the ALJ and commissioner "only focused on the issue of economic hardship and not the totality of the circumstances." Appellant's Br. at 13. The record fails to support these assertions. Tuttle's waiver claim was based exclusively on her contention of financial hardship. The record shows Tuttle consistently maintained that repayment of the overpaid benefits would result in financial hardship to her family.

For example, in her request for an appeal letter to the ESD, she wrote, "I request an offer in compromise be reached, a partial waiver of the overpayment. Review of my request of waiver does show it is causing my family undue financial distress to make the monthly payments, 3% of the full overpayment. I will be penalized 1% per month till the full debt is paid if I do not make the monthly payment on time or in full, making it impossible to get beyond owing Employment Security." AR at 34.

She placed the critical question of her financial resources, thus her ability to repay the benefits, squarely before the ESD. Indeed, WAC 192-28-115(3) requires an individual who claims a waiver to provide financial information to ESD for the purpose of determining their eligibility for waiver. Former WAC 192-28-115(4) provides "the financial information requested shall include" . . . "[a]n account of the individual's income," and "an account of the individual's expenses." Former WAC 192-28-115(5) further provides "If average monthly expenses equal or exceed average monthly income

---

[8] Tuttle's arguments are confusing. To the extent she claims ESD exceeded its rule making authority when it adopted a regulation with a narrow and limiting definition of "equity and good conscience," we decline to address it. She raises this claim for the first time on appeal. RCW 34.05.554(1); See ZDI Gaming, Inc. v. State ex rel. Wash. State Gambling Comm'n, 151 Wn. App. 788, 811, 214 P.3d 938 (2009).

and there is no substantial liquid assets available, waiver of the overpayment will be considered."

Here, ESD considered all of the circumstances relevant to Tuttle's ability to repay and the financial information required by the rules. Tuttle presented no evidence of other mitigating circumstances at the hearing other than alleged financial hardship. "The presence of unusual circumstances may justify waiver on other than a financial basis when not to waive would be unconscionable." Former WAC 192-28-115(5).

Tuttle fails to specify what, if any, additional, relevant facts the ESD should have considered before deciding to deny her claim of waiver. ESD asked, "What other factors do you want us to consider that would cause an undue hardship for you to repay the overpayment?" She responded, "50.20.190. It would cause financial distress and is against equity and good conscience." AR at 38. In addition to her income, expenses, and liquid assets, the record also shows the ESD considered Tuttle's education, health and medical condition, primary occupation, marital status, number of dependents, other household members who are working, other government assistance, and expectation of future income increases. Clerk's Papers (CP) at 38. In essence, Tuttle's contentions amount to disagreements over the commissioner's factual findings. Those unchallenged findings are verities on appeal.

Tuttle relies on Delagrave v. Emp't Sec. Dep't, 127 Wn. App. 596, 111 P.3d 879 (2005), for the unremarkable proposition that the ESD commits an error of law if its waiver for equity and good cause determination "is limited to those circumstances expressly identified under the regulations, namely, WAC 192-28-115(2) and (5) . . . ." The court reasoned, "Under such a ruling, the provisions of the regulation would limit

the effect of RCW 50.20.190 by limiting the circumstances under which ESD would allow a waiver when there is no such limitation in the statute. This would exceed ESD's rule making authority." Delagrave, 127 Wn. App. at 611.

Because the record shows ESD considered the totality of Tuttle's relevant circumstances, her reliance on Delagrave is not persuasive. And as ESD points out, it responded to Delagrave by amending the equity and good conscience definition regulation.[9] That amended version now defines "equity and good conscience" as "fairness as applied to a given set of circumstances." Former WAC 192-220-030(1).

Tuttle also relies on In re Peltier, No. 04-2006-22057 (Wash. Emp't Sec. Comm'r Dec. No. 910 2d Series Feb. 16, 2007)[10] to support her partial waiver claim. There, the ESD commissioner waived a portion of the claimant's overpayment. But the decision mentions none of the factual circumstances justifying the commissioner's decisions. Without knowing what facts persuaded the commissioner to grant a partial waiver, Peltier is not persuasive or helpful in this case.

---

[9] The "equity and good conscience" standard was formerly codified under WAC 192-28-115. This provision was modified in 2008 in response to the Delagrave decision. The definition of "equity and good conscience" is now found in WAC 192-220-330, which is the provision at issue here. ESD amended WAC 192-220-030 in 2014, but that amendment is not at issue in this appeal.

[10] Under RCW 50.32.095, the commissioner may designate certain commissioner's decisions as precedents. These precedents are to be treated as persuasive authority by a reviewing court. Martini v. Emp't Sec. Dep't, 98 Wn. App. 791, 795, 990 P.2d 981 (2000).

## CONCLUSION

For the reasons discussed above, we affirm the ESD commissioner's determination denying Tuttle's request for waiver of her unemployment compensation benefit overpayment.[11]

WE CONCUR:

---

[11] Tuttle also requests attorney fees on appeal under RCW 50.32.160. Because we affirm the ESD commissioner's determination, the fees request is denied.