STEPHENS, J. (dissenting)
¶ 19 At the heart of this case is whether notions of "equity and good conscience" relevant to the Employment Security Department's (Department) decision to waive overpayment of unemployment benefits under RCW 50.20.190 require consideration of the legal expenses a claimant incurs in reimbursing the Department. While the majority lauds a liberal interpretation of RCW 50.20.190, it applies the provision too restrictively, rejecting Christopher Belling's waiver claim because he "still recovered more in workers' compensation than he was required to reimburse in unemployment benefits." Majority at 617. I respectfully dissent. I would hold that "equity and good conscience" demands a more searching inquiry. Apart from considering individual financial hardship, the Department must consider whether basic fairness requires a partial waiver to account for the legal expenses a claimant incurs to recover funds that reimburse unemployment benefits. Such consideration does not involve any expansion of the common fund doctrine, but rather a straightforward application of RCW 50.20.190 in "equity and good conscience." I would reverse the Court of Appeals and remand for further consideration of Belling's claim for partial waiver of reimbursement.
ANALYSIS
¶ 20 The majority appropriately recognizes that RCW 50.20.190 must be liberally construed, with the purpose of reducing the suffering caused by involuntary unemployment. Majority at 613. It embraces the broad interpretation of "equity and good conscience" adopted by the Court of Appeals in Delagrave v. Employment Security Department, 127 Wash. App. 596, 612, 111 P.3d 879 (2005), and followed in the department commissioner's opinion In re Peltier, No. 04-2006-22057 (Wash. Emp't Sec. Dep't Comm'r Dec. No. 910 2d Series Feb. 16, 2007), 2007 WL 5172355. Unfortunately, the majority fails to appreciate that Belling's waiver claim is entirely consistent with the claims in Delagrave and Peltier. Belling simply seeks to have the Department consider a partial waiver of reimbursement to account for the legal fees he incurred in recovering the workers' compensation benefits that gave rise to the *618 Department's reimbursement rights. Compare Suppl. Br. of Appellant at 15 ("Under the totality of the circumstances it is consistent with equity and good conscience to grant Mr. Belling's partial waiver request, equivalent to [the Department's] pro rata share of attorney fees and costs."), with Delagrave , 127 Wash. App. at 602, 111 P.3d 879 (" 'Appellant argues that he should be allowed a pro rated reduction for attorney's fees.' ").
¶ 21 Accepting Belling's argument requires only that we give effect to the "equity and good conscience" provision in RCW 50.20.190. There is no need to "overrule" precedent or extend the common fund doctrine.
A. Notions of "Equity and Good Conscience" Do Not Limit the Commissioner to a Given Set of Circumstances-"Equity and Good Conscience" Simply Means Fairness
¶ 22 The commissioner of the Department may waive overpayment reimbursement when the claimant is fault free and reimbursement "would be against equity and good conscience." RCW 50.20.190(2). The majority stresses that the decision to waive reimbursement under the equity and good conscience provision must be based on the totality of the circumstances presented by the claimant. Majority at 615-16. It recognizes two guidelines that assist the commissioner in determining waiver decisions. The first is a series of factors set forth in the Washington Administrative Code (WAC) that delineates specific considerations the commissioner must take into account, such as the claimant's ability to provide for basic necessities. WAC 192-220-030(2). The second reflects the calculation performed in Peltier to determine if the amount received by the claimant, after attorney fees are deducted, is greater than the amount owed to the Department. 2007 WL 5172355. Reviewing only these guidelines, the majority concludes that the commissioner appropriately denied Belling's request for attorney fees. Majority at 615-16, 616-17.
¶ 23 While the standards the majority discusses provide important guidance to the commissioner in determining overpayment waivers, they are not exclusive. "An agency may not promulgate a rule that amends or changes a legislative enactment." Edelman v. State ex rel. Pub. Disclosure Comm'n, 152 Wash.2d 584, 591, 99 P.3d 386 (2004) (citing State ex rel. Evergreen Freedom Found. v. Wash. Educ. Ass'n, 140 Wash.2d 615, 634, 999 P.2d 602 (2000) ). By limiting consideration of overpayment waiver decisions to the factors contained in the WAC and the calculations contained in Peltier, the commissioner placed limitations on "equity and good conscience" under the statute where no such limitations exist. Delagrave, 127 Wash. App. at 611, 111 P.3d 879. The better view is that taken by the Court of Appeals in Delagrave, that "[e]quity and good conscience means fairness." Id. at 613, 111 P.3d 879. In accordance with RCW 50.20.190(2), the commissioner must consider the totality of circumstances to determine whether, as a matter of basic fairness, the Department ought to waive full reimbursement of overpaid unemployment benefits.
B. "Equity and Good Conscience" Mandates Consideration of All Relevant Circumstances, Including the Claimant's Legal Expenses Incurred in Reimbursing the Department
¶ 24 After determining that "equity and good conscience" require the commissioner to consider whether an overpayment waiver is fundamentally fair, the next step in the analysis is to determine what circumstances must be examined to make this determination. In the case before us, I believe there are two areas of concern. The first, recognized by the majority, involves the commissioner's failure to consider a variety of circumstances in Belling's life affecting his current and future financial well-being. The second, rejected by the majority, involves the principle of equity described as the common fund doctrine, which supports pro rata sharing of attorney fees and costs among those who benefit from a recovery obtained in litigation. Leischner v. Alldridge, 114 Wash.2d 753, 756-57, 790 P.2d 1234 (1990).
¶ 25 Recall the majority's assumed standard of review-"[a]n agency acts in an arbitrary and capricious manner if its actions are willful, unreasoning, and in disregard of facts *619 and circumstances." Lenca v. Emp't Sec. Dep't, 148 Wash. App. 565, 575, 200 P.3d 281 (2009) (citing Wash. Waste Sys., Inc. v. Clark County, 115 Wash.2d 74, 81, 794 P.2d 508 (1990) ). I would hold that the commissioner willfully and unreasonably disregarded the following facts and circumstances: (1) that the record was not well developed with regard to Belling's expenses, (2) that Belling was deemed disabled by two independent government agencies and had debt that was not in collections, as well as evidence of future financial hardship, and (3) that Belling had no other option than litigation to obtain reinstatement of his workers' compensation benefits.
¶ 26 In his hearing before an administrative law judge (ALJ), Belling was questioned in detail regarding his monthly expenses and outstanding debt. Clerk's Papers (CP) at 61-67. Review of the transcript shows that Belling was unaware of the exact amount of his expenses or that his responses were simply inaudible. Id. Even more disturbing, when the ALJ specifically asked about outstanding medical bills, Belling's response was inaudible. CP at 63. While Belling acknowledged that he had no medical debt in collections, CP at 64, this does not mean he had no outstanding medical bills. Without a complete and accurate picture of Belling's financial situation, the commissioner could not meet the requirements of RCW 50.20.190(2) to render a decision based on "equity and good conscience."
¶ 27 In addition to not having a clear picture regarding Belling's financial situation, the commissioner does not appear to have considered that Belling was determined to be disabled by two government agencies, compounding his vulnerability to future financial hardship. In 2011, the Department of Labor and Industries concluded that Belling had a permanent partial disability for which he received a one-time payment of $9,271.80. Majority at 612-13. In addition, Belling also receives Social Security disability payments. CP at 61-62. Payments for a disability are made to an individual in order to compensate for a decreased ability to obtain future earnings. McIndoe v. Dep't of Labor & Indus., 144 Wash.2d 252, 260, 26 P.3d 903 (2001). Yet, in Belling's case, there are no findings of fact with regard to his diminished ability to earn future income or the effect such diminished ability will have on his outstanding debts. See CP at 203-06. The only finding of fact[1] regarding Belling's financial situation alludes to the fact that he could potentially receive another disability payment in the future and concludes by highlighting that he has no debt in collections, " 'eats out a lot,' " and owns three vehicles.[2] CP at 204. Again, this analysis is highly deficient with regard to the fundamental fairness demanded by the legislature.
¶ 28 Apart from circumstances indicating Belling's financial hardship, notions of equity and fundamental fairness required the commissioner to consider the fact that Belling was required to litigate in order to reinstate his workers' compensation benefits. When his workers' compensation benefits were terminated, Belling had two options. He could do nothing and continue to receive unemployment payments, or, he could appeal the decision and pursue litigation. The fact that the need for litigation was created by an error of a state agency in the first place should weigh heavily in favor of Belling receiving a partial waiver to account for the legal expenses he incurred in pursuing this litigation. While I would not hold that a waiver is always required in instances where an individual must negotiate benefits between two state agencies, at a minimum, such a fact merits consideration by the commissioner in reaching the ultimate waiver decision.
*620 ¶ 29 In sum, the large number of gaps in the record regarding Belling's financial situation, his reduced capacity for future earnings, and the fact that he was forced to litigate in order to obtain reinstatement of his workers' compensation benefits are all factors the commissioner should have considered in the totality of the circumstances. Without such consideration, it is impossible to conclude that the commissioner's decision upholds the statutory mandate of ensuring that reimbursement does not offend "equity and good conscience." I would remand with instructions that the Department review its waiver decision to take into account the totality of Belling's circumstances discussed above.
C. Requiring Consideration of a Claimant's Legal Expenses in "Equity and Good Conscience " Does Not Require Expanding the Common Fund Doctrine
¶ 30 While the majority opinion leads off with a discussion of the common fund doctrine, I do not believe this case requires us to expand the doctrine. It is true that Belling has advocated for applying the common fund doctrine here, building on Judge Fearing's concurring opinion below. Pet. for Review at 9-12; Suppl. Br. of Appellant at 7. But that is not the sum total of his argument. As did the claimant in Delagrave, Belling relies squarely on notions of equity and good conscience to argue that the commissioner must consider whether partial waiver is appropriate to account for the legal expenses he incurred in reimbursing the Department. See Pet. for Review at 16; Suppl. Br. of Appellant at 15; see also Delagrave, 127 Wash. App. at 609, 111 P.3d 879 (finding claimant "made a colorable argument for a waiver under the statute" by seeking equitable pro rata fee sharing, despite his failure to identify RCW 50.20.190 ). Indeed, Belling makes the statutory argument more clearly than did the claimant in Delagrave because he expressly relies on the "equity and good conscience" provision of RCW 50.20.190 and criticizes the commissioner for failing to consider the totality of circumstances under the statute. See Pet. for Review at 15-16; Suppl. Br. of Appellant at 15.
¶ 31 Following the liberal interpretation of RCW 50.20.190 embraced by the Court of Appeals in Delagrave, we should evaluate Belling's equitable argument on its merits. Belling is correct that RCW 50.20.190 does not limit considerations of "equity and good conscience" to circumstances of financial hardship or when the claimant's recovery, after attorney fees and costs, is less than the Department's reimbursement amount. Instead, the statute mandates that the commissioner consider the totality of circumstances, which naturally includes whether it is fair to saddle a claimant with the full burden of legal expenses incurred in recovering workers' compensation benefits, while the Department receives its full reimbursement of unemployment benefits.
¶ 32 The majority deems it dispositive that Belling still received some recovery after reimbursing the Department, but it does not explain why some recovery is all that fairness requires. Would its conclusion be the same if a claimant netted $100, $50, or $1? Consistent with Delagrave and Peltier , notions of "equity and good conscience" require consideration of the legal expenses incurred by a claimant in reimbursing the Department with a view toward basic fairness. There is no support for the majority's decision to arbitrarily limit consideration to "zero sum" scenarios. While the Department's commissioner may not always conclude that partial waiver is appropriate to account for legal expenses, RCW 50.20.190 requires that the argument be considered on its own merits-not solely when the claimant is otherwise facing financial hardship or no recovery.
¶ 33 Accepting this argument does not take the court down the path of expanding the common fund doctrine. The majority reads too much into Rhoad v. McLean Trucking Co. , 102 Wash.2d 422, 686 P.2d 483 (1984) and Pennsylvania Life Insurance Co. v. Department of Employment Security, 97 Wash.2d 412, 645 P.2d 693 (1982). Majority at 614. In both of these cases, this court specifically explained that the governing statutes limited the right to attorney fees and the court would not act in equity to grant attorney fees where the statute was silent. Penn. Life, 97 Wash.2d at 417, 645 P.2d 693 ;
*621 Rhoad, 102 Wash.2d at 427, 686 P.2d 483. In contrast, this case asks the court to apply RCW 50.20.190(2) 's equity and good conscience standard to determine whether the Department must consider a partial waiver to account for attorney fees that benefit both the claimant and the Department. Majority at 615. Because the statute is not silent but instead expressly incorporates "equity and good conscience" as the governing standard, this court naturally looks to recognized equitable principles. As the Court of Appeals correctly stated in Delagrave, "It is clear that equity and good conscience means, quite simply, fairness." 127 Wash. App. at 612, 111 P.3d 879.
¶ 34 As a direct result of Belling's efforts, the Department was able to demand reimbursement of unemployment benefits paid to Belling. Were it not for Belling's workers' compensation appeal, no such reimbursement would have been available. In these circumstances, notions of fundamental fairness mandate that the commissioner take into account Belling's legal expenses resulting from the litigation and consider whether fairness demands that these expenses be shared by the Department.
¶ 35 For the reasons detailed above, I would hold that the "equity and good conscience" standard of RCW 50.20.190(2) obligates the commissioner to consider a claimant's legal expenses incurred in reimbursing the Department when determining whether to grant a waiver of overpayment, regardless of whether the claimant otherwise faces financial hardship or is left with no recovery.
CONCLUSION
¶ 36 "Equity and good conscience" means fairness. While the factors listed in the administrative guidelines are useful, they are not dispositive. The commissioner failed to take into account relevant circumstances in Belling's case, including the legal expenses he incurred in reimbursing the Department. I would reverse the Court of Appeals and remand for the Department to review its waiver decision under RCW 50.20.190 in accordance with the totality of the circumstances and fundamental fairness.

"The claimant continues to receive $1,486 twice each month in time loss benefits from L&I. The claimant could at some point in the future receive another Permanent partial Disability payout. The claimant also receives $1,700 per month in Social Security Disability Benefits. The claimant pays $600 per month in rent. He is responsible for no minor children. He 'eats out a lot,' and has no set grocery budget. The claimant has no debt in collections, and owns three vehicles. He pays $280 per week for his cell phone service." CP at 204.

I agree with the majority that the fact Belling owns three vehicles was not evidence indicating his wealth, given the status of those vehicles. Majority at 616 n.9.